[Civ. No. 7010.   Third Dist.   May 29, 1944.]

IVA MAE PETERSON, Respondent, v. S. R. PETERSON, Appellant.

J. Oscar Goldstein and Burton J. Goldstein for Appellant.

Ware & Ware for Respondent.

PEEK, J.—The defendant herein appeals from an order granting plaintiff's application for a modification of an interlocutory decree of divorce with respect to the minor daughter of the parties.

The original order, pursuant to an agreement between the parties, awarded the care and custody of the child to the defendant for a period of three years, and upon the expiration of such period divided the custody equally between the parties.

Plaintiff's affidavit in support of her motion alleged that there was no hearing on the issue of custody nor was any evidence introduced by either party—the previously mentioned agreement being the sole basis for the order. She further alleged that notwithstanding the original agreement it was also the oral agreement of the parties that she was to have the actual custody, care and control of the child, and that in accordance with such oral agreement the child remained in her custody until shortly after the decree when, upon the pretense that he wished to have the child visit him, the defendant took the child to San Francisco, where she has remained ever since, despite plaintiff's requests that the child be returned to her. Plaintiff also alleges that the real purpose of the defendant in desiring the record custody, although under the oral arrangement plaintiff was to have the actual custody, was to avoid service in the armed forces of the United States. Further allegations recite the difficulties encountered by plaintiff in endeavoring to see the child, the poisoning of the child's mind against her, and other facts relating to defendant's actions in regard to herself and the child.

An order to show cause issued, and at the conclusion of the hearing thereon, the court, in its order, impliedly found both parties to be fit and proper persons to have the care and custody of the child; that since the entry of the interlocutory decree the status of the parties had changed, particularly in relation to probable service in the armed forces

by the defendant, making it impossible for him to have the care and custody of the child, and that it appeared to the court that in the event such contingency took place the best interests of the child would be served by awarding the care and custody to the mother. The interlocutory decree was modified accordingly. Further provision was made for reasonable visitation by both parents and the mother was awarded custody for a month during the summer and a week at Christmas time. In other respects the two orders remained essentially the same.

The defendant's attack upon the modification order is (1) that a change of circumstances subsequent to the entry of the original decree must be shown; (2) that in order for the trial court to modify its previous order there must be a showing that the defendant was not a fit and proper person to have the custody of the child, and (3) that as plaintiff failed to make such a showing upon either of the issues raised, the modification order was an abuse of discretion on the part of the trial court.

The rule of "changed circumstances" might well be termed a creature of judicial expediency. It is not statutory. It is a means to end the turmoil of litigation so often attendant with matters involving questions of custody and to make it impossible for a dissatisfied party to keep the courts continually occupied with his or her grievances concerning former orders. Accordingly, the courts have generally held that in absence of a showing of some change in circumstances making it advisable from the standpoint of the welfare of the child that the former order be modified, a request for a modification will be refused.

However, that is not to say that the courts have no jurisdiction to modify previous orders in the absence of such a showing nor do the decisions wherein the rule is enunciated "deny the power of the court to make such modification of its orders relative to the custody of children." (*Bogardus* v. *Bogardus,* 102 Cal.App. 503, 506 [283 P. 127].) It is not an iron-clad rule to which there can be "no possible exception." (*Foster* v. *Foster,* 8 Cal.2d 719 [68 P.2d 719].)

The portion of the modification order herein relating to the right of reasonable visitation by both plaintiff and defendant and the giving to the mother the custody of the child during certain designated vacation periods presents a situation com-

parable to that found in the case of *Bogardus* v. *Bogardus, supra,* wherein this court stated:

"There can be no question that under ordinary circumstances where the court has failed to permit one of the parents the right to see a minor child, that it is proper to modify the order so as to permit such parent to see the child. Only very aggravating circumstances and conditions would warrant a court in denying such privilege, and whether such conditions exist is primarily a question for the trial court to determine, and unless it is shown that the trial court has abused its discretion in this particular, appellate courts, we think, should not interfere."

■ The remaining phase of defendant's first contention relates to that portion of the order modifying the former decree by giving the sole custody to the mother if and when the defendant should be inducted into the armed forces. To accept defendant's argument in this regard and blindly follow the rule that changing circumstances must of necessity be shown, would be to limit the powers of the court to the correction of conditions which have already arisen and which have already worked harm to the child.

It is not impossible to conceive of cases where, in the interest of the welfare of a child, a court would be amply justified in modifying a former order despite the fact that there had been no present change in the circumstances of the parties. (*Foster* v. *Foster, supra.*) To this might be added a further statement that if the trial court, in its discretion, determines that there is a sufficient showing indicating that the welfare of a child will be adversely affected by subsequent events the court likewise would be justified to intervene and modify its previous order in the interest of what it believes to be for the welfare of the child.

The power of a court in such matters cannot be solely negative in character. In other words, it is not limited only to the correction of conditions which have already arisen. Such a construction would be to deny to the courts the power specifically granted under section 138 of the Civil Code to "at any time modify or vacate" orders of custody as may seem necessary and proper for the "best interest of the child in respect to its temporal and its mental and moral welfare." Under such section it cannot be denied that an order such as is herein attacked which seeks to prevent a happening of what the court in its discretion has found would not be for

the best interest of the child, is not well founded in equity and in justice.

The status of all married, as well as unmarried, men within the military age limits is something which the courts properly should consider in present custody matters. The modification order herein in no way changes the present status of the defendant in his right of custody of the child. It is only qualified upon his actual entry into the armed services. If he is not inducted there will be no change in the custody. However, if such contingency should arise it is obvious that the defendant would be compelled to place the child with others. Under such circumstances the natural right of the mother to the care of a minor child, if a fit and proper person, would prevail as against strangers. (*Stever* v. *Stever*, 6 Cal.2d 166 [56 P.2d 1229]; *Newby* v. *Newby*, 55 Cal.App. 114 [202 P. 891].) If the mother could not be denied her right at that time what valid reason can be advanced to deny her now what she legally could establish if and when such contingency should occur.

The question of fitness of either the father or mother is no more an issue herein than it would be at the conclusion of the three-year-period contained in the original decree, as the trial court found that both parents were fit and proper persons to have the custody of the child. Appellant's contention in this regard would appear to be without merit. Section 138 of the Civil Code provides that a court in awarding custody is to be guided (1) by what appears to be for the best interests of the child, and (2) as between parents adversely claiming the custody neither parent is entitled to it as of right, but other things being equal if the child is of tender years it should be given to its mother. Further amplification of the quoted portion of said section is found in the case of *Washburn* v. *Washburn*, 49 Cal.App.2d 581 [122 P.2d 96], wherein it is stated that the mother is the natural custodian of her young, and that the code exacts that she shall have custody of her child, everything else being equal, and that "In the case of girls it is obvious that they are particularly in need of the sympathy, affection, consideration and tender care which only a mother can give—and so normally they should be in her custody." The contention of defendant is therefore in direct opposition to the statutory law of this state and the decided cases in relation thereto.

636

The defendant's final contention relates to the question of whether in view of the record before us, the trial court abused its discretion by the modification of the original decree.

■ In custody cases the underlying principle, paramount to all others, is the welfare and best interest of the child. (*Washburn* v. *Washburn, supra.*) ■ Therefore an application for a modification of an award of custody must be addressed to the sound legal discretion of the trial court (*Fay* v. *Fay*, 12 Cal.2d 279 [83 P.2d 716] ; *Foster* v. *Foster, supra*), subject only to the qualifications contained in section 138 of the Civil Code.

The Supreme Court in *Taber* v. *Taber*, 209 Cal. 755 [290 P. 36], quoting with approval from the opinion by the court in *Simmons* v. *Simmons*, 22 Cal.App. 448, 451 [134 P. 791], stated: "It is manifest that the legislature . . . . intended to confide to trial courts, in the disposition of the minor children of the parties to divorce actions, a very extensive discretion, with a view to the conservation of the highest and best interests of such minors, and the conclusion arrived at by such courts in such cases will not be set aside unless the record discloses a clear abuse of that discretion." (See *Prouty* v. *Prouty*, 16 Cal.2d 190 [105 P.2d 295].)

The defendant herein having failed to show a clear abuse of such discretion, the order is affirmed.

Thompson, J., and Adams, P. J., concurred.