[Civ. No. 15042.   Second Dist., Div. Two.   Jan. 29, 1946.]

CLIFFORD LEWIS JOHNSON, JR., Appellant, v. MARY GERALDINE JOHNSON, Respondent.

Krag & Sweet and James B. Ogg for Appellant.

Mary Geraldine Johnson, in pro. per., and Alvin Hahn for Respondent.

WILSON, J.—By an interlocutory decree of divorce the minor child of the parties was awarded to appellant. Subsequently, upon respondent's application, the court made an order awarding custody of the child to her. From the latter order this appeal is taken.

The original complaint seeking a divorce and custody of the child was filed in August, 1943. The parties became reconciled and lived together until early in 1944, when respondent left the home of the parties, this being the third time she had done so. Appellant filed an amended complaint in March, 1944, in which he prayed for a divorce and the permanent custody and control of the minor child. Respondent filed an appearance and a consent that judgment be entered against her as prayed. In April, 1944, an interlocutory decree of divorce was entered wherein the care, custody, and control of the child was awarded to appellant, with the right of "reasonable visitation" by respondent. Approximately one year later respondent filed an application for a modification of the interlocutory decree, alleging that since said decree was entered conditions and circumstances surrounding the parties and upon which the original order was based had materially

changed in several particulars and asked that the custody of the child be awarded to her. After a hearing the court made an order that respondent should have the exclusive care, custody and control of the child, subject to the right of appellant to visit her, and authorizing respondent to take the child with her to Las Vegas, Nevada. The modifying order was made by a judge other than the one who rendered the interlocutory decree.

There is no evidence whatsoever sustaining any of the allegations that circumstances and conditions had changed except that respondent had remarried and that she and her new husband (if the marriage is not void) had a home in which the child could be maintained. The evidence discloses that when respondent deserted appellant on the last occasion she went to a hotel to reside although, as she testified, she could have gone to her mother's home. Shortly thereafter she went to Texas, where she met an army officer and from there she went to Nevada for the purpose of obtaining a divorce in order to marry him. Upon her arrival in Nevada she became acquainted with a railroad employee and a courtship almost immediately began. Notwithstanding the fact that by her appearance in her husband's divorce action in Los Angeles she had submitted herself to the jurisdiction of the California courts, she commenced an action in Nevada for a divorce. An interlocutory decree was granted in the instant case to appellant on April 24, 1944. The Nevada decree in favor of respondent was granted on May 1, 1944, and on the same day she and her present husband were married.

The paramount consideration in determining the custody of a child is the welfare of the child. The feelings and desires of the parents are not to be considered except as they may be found to affect the interests of the child. To justify a modification of an order for custody of a minor child there must be a change of circumstances arising after the original decree was entered (*Olson* v. *Olson,* 95 Cal.App. 594, 597 [272 P. 1113]; *Foster* v. *Foster,* 8 Cal.2d 719, 726 [68 P.2d 719]), and until a change of circumstances occurs which makes ·a modification of the former custodial order advisable from the consideration of the welfare of the child, the court will refuse to make any modification thereof. (*In re Inman,* 32 Cal.App.2d 130, 134 [89 P.2d 421]; *Washburn* v. *Washburn,* 49 Cal.App.2d 581, 587 [122 P.2d 96].) On an

application to modify an order for custody the court proceeds on new facts considered in connection with those formerly established. (*Crater* v. *Crater*, 135 Cal. 633, 634 [67 P. 1049].)

Where custody has been decreed to one parent he cannot be deprived of custody for any alleged unfitness unless it be shown that he is so unfit as to endanger the child's welfare, and before the child's life may be unsettled by an order for change of custody the evidence must be clear and convincing that the child's welfare and best interests will be directly promoted by the change. (*Washburn* v. *Washburn, supra,* p. 588.) No evidence was proffered to show that appellant is or ever was unfit to care for the child or that the latter's welfare would be enhanced by granting its custody to the mother who would, by the terms of the order appealed from, be permitted to remove the child to Nevada.

All presumptions are in favor of the reasonableness of the original decree and the burden was on respondent to prove that conditions had so changed as to justify the modification of the order for custody. (*Gavel* v. *Gavel,* 123 Cal.App. 589, 591 [11 P.2d 654]; *Prouty* v. *Prouty,* 16 Cal. 2d 190, 193 [105 P.2d 295].) The right of custody in appellant having been determined by the interlocutory decree, which found in effect that he was a fit and proper person to have custody, the order cannot be modified without a showing that he is no longer fit. In two letters written by respondent after the separation she stated that appellant was a fit person to have the child and that the latter was properly cared for. That respondent was willing that the custody of the child remain with appellant and that she considered him a fit and proper person is further indicated by the fact that the decree which she procured in Nevada provided that the child ''be left with defendant'' (plaintiff and appellant here).

We are not advised by findings of fact on what ground the court acted, or in what particular, if any, the court determined that circumstances had changed since the entry of the interlocutory decree. In the absence of findings we have examined the entire record in order to ascertain whether respondent has shown a sufficient change of conditions to sustain the order under review. There is no conflict in the evidence. There is no showing of the existence of any fact or circumstance that was hidden or concealed at the time the original order was made. The record is devoid of evidence indicating any change of circumstances save the single

fact that respondent has remarried and has a home in Nevada. This is not sufficient to warrant the order.

The right of a mother to custody of a minor child is not superior to that of the father. (Civ. Code, § 197.) In actions for divorce the court, in awarding custody, is to be guided by what appears to be for the best interests of the child, and *other things being equal*, a child of tender years should be given to the mother. (Civ. Code, § 138.) Respondent has failed to show her own fitness for the responsibility of caring for the child. Her conduct intermediate her leaving appellant and her remarriage as shown by uncontradicted evidence, does not indicate that she is a proper person to have custody of a child of tender years.

The permanence of the home which she claims to have established may well be doubted. The validity of her marriage in Nevada was not brought into question at the hearing, but the uncertainty of her marital status must be taken into consideration. By reason of her having entered her appearance in the instant action the court had jurisdiction to enter its decree. The validity of the decree entered in the Nevada case, which was filed after the California court had acquired jurisdiction of respondent, is not beyond question.

In such cases as this the trial court is required to exercise a wide discretion, but its discretion is limited by the rules of law herein set forth. The court abused its discretion in modifying the existing order in the absence of evidence either of changed conditions or of appellant's unfitness.

Order reversed.

Moore, P. J., and McComb, J., concurred.