90 Cal.App.2d 135 (1949)
Guardianship of NICHOLAS K. BOULAD, a Minor. MARY COLOMBO, Respondent,
v.
DAVID E. FLESHMAN et al., as Guardians, etc., Appellants.
Civ. No. 16618. 
California Court of Appeals. Second Dist., Div. Two. 
Feb. 14, 1949.
 James B. Ogg for Appellants.
 No appearance for Respondent.
 McCOMB, J.
 This is an appeal by Mr. and Mrs. David E. Fleshman, guardians of Nicholas K. Boulad, a minor, from an order revoking letters of guardianship and granting the custody of the minor to his mother, Mrs. Mary Colombo.
 It is to be noted at the outset that respondent, Mrs. Colombo, has failed to furnish this court with any brief or argument in support of the order of the trial judge, but on the contrary has stipulated that the appeal may be submitted on the record and on appellants' opening brief.
 The record discloses that Nicholas K. Boulad, a minor, was born on April 25, 1945; that in June of 1945, the mother, respondent, and the child's father moved into the home of appellants, bringing the minor with them; that they remained there for four or five weeks and then left; that they left the minor with appellants, and he has been in their custody ever since the first part of August, 1945, with the exception of a period of five weeks.
 During this period respondent visited her child only five or six times and stayed on each occasion from 15 to 30 minutes. She has never contributed anything to its support. Appellants, on the other hand, have treated the child as their own. On June 27, 1947, with the consent of respondent, appellants were appointed guardians of the minor and letters of guardianship were issued to them on June 30, 1947. On February *137 20, 1948, respondent filed a petition to terminate the guardianship and the matter was heard on March 9, 1948, resulting in an order terminating the guardianship.
 [1] Appellants claim that the record fails to disclose any substantial evidence to sustain the trial court's findings that, (a) appellants were appointed guardians only temporarily, (b) petitioner is a fit and proper person to have the custody of her child, and (c) respondent did not abandon her child.
 This contention is tenable and is supported by the record.
 (a) Respondent left the minor in appellants' home in June, 1945, and the child remained there continuously with the exception of a five-week period in the fall of 1945, when he was taken to the home of his father and his paternal grandmother. At the end of the five-week period, the grandmother telephoned appellants and told them that she could not take care of the child and asked that they come and get him. One of the appellants testified that he never had any understanding with respondent that she could take her child at any time, and the reason for the guardianship proceedings was that he wanted to have some sense of security in the matter and he did not want any person to take the child from his wife and himself. In respondent's consent to the appointment of appellants as guardians of her child, she stated that the child had been with appellants since he was four months old; that they had cared for him as they would their own child; and that it was for the best interest of the child that they be appointed his guardians.
 (b) Respondent was not married to the minor's father at the time of his birth but was married to another man. The child was born on April 25, 1945, and on May 24, 1945, respondent filed a complaint for divorce against her then husband. In this complaint she stated that it was agreeable to her that the defendant have the care and custody of a child of the marriage, and asked that the control and custody of the child be given to her then husband, Mr. Martindale. In testifying she said that she gave the information for the minor's birth certificate, and that she stated that she and Mr. Boulad were married on May 10, 1944. She testified that they were not married until September, 1946, after the child was born. The interlocutory decree of divorce from Mr. Martindale was not entered until July 31, 1945, and she did not marry Mr. Boulad until September, 1946.
 Respondent's sister-in-law testified that respondent said she wished she could get someone to take the child. *138
 Respondent did not live with Mr. Boulad after her marriage to him, though she had lived with him for a considerable period of time prior to their marriage. Thereafter she obtained an annulment of her marriage to Mr. Boulad, and five days after the annulment for the third time remarried. Thus, though she is only 24 years of age, she has been married three times, lived with her first husband seven months, and never lived with her second husband after they were married.
 (c) The evidence set forth under (a) and (b), supra, points to only one conclusion, which is that respondent abandoned the minor.
 From the foregoing evidence, which is uncontradicted, it is evident that: (a) in consenting to the appointment of appellants as guardians of her minor child respondent did so with the idea that it was to be a permanent guardianship and not a temporary one; (b) respondent is not a fit and proper person to have the care, custody and control of her minor child; (c) she abandoned her minor child.
 [2] The only change in conditions since the appointment of the guardians is the fact that respondent has remarried, which fact of itself is not sufficient to warrant the change in the custody of the child. (Cf., Johnson v. Johnson, 72 Cal.App.2d 721, 724 [165 P.2d 552].)
 The rule which is applicable in such a case is well stated by Mr. Justice Wilson in Johnson v. Johnson, supra, at page 723: "The paramount consideration in determining the custody of a child is the welfare of the child. The feelings and desires of the parents are not to be considered except as they may be found to affect the interests of the child. To justify a modification of an order for custody of a minor child there must be a change of circumstances arising after the original decree was entered (Olson v. Olson, 95 Cal.App. 594, 597 [272 P. 1113]; Foster v. Foster, 8 Cal.2d 719, 726 [68 P.2d 719]), and until a change of circumstances occurs which makes a modification of the former custodial order advisable from the consideration of the welfare of the child, the court will refuse to make any modification thereof. (Citing authorities.)" (See Washburn v. Washburn, 49 Cal.App.2d 581, 587 [122 P.2d 96].)
 Though the authorities cited were divorce cases the same principles and rules are applicable to a guardianship matter relating to the custody of a minor child. (See Prob. Code, 1406.) *139
 Applying the foregoing facts to the above stated rules, it appears that there has been no change in conditions subsequent to the granting of the letters of guardianship; that respondent unqualifiedly consented to appellants' being appointed guardians for her minor child; that she is not a fit and proper person to have its custody; and that she has abandoned her child. It therefore is evident that it is not for the best interests of the child to have the guardianship terminated and the custody of the child awarded to respondent. The trial court's findings upon which the order is predicated, as stated above, are not supported by the evidence.
 For the reason stated the order is reversed.
 Moore, P. J., and Wilson, J., concurred.