[Civ. No. 4128. Fourth Dist. Nov. 10, 1950.]

IRENE F. COWEN, Appellant, v. W. DEE COWEN, Respondent.

Reynolds, Painter & Cherniss for Appellant.

Wilson & Wilson for Respondent.

MUSSELL, J.—Plaintiff appeals from orders modifying an interlocutory decree of divorce. The decree provided in part that the mother have the custody and control of the minor son and daughter of the parties, subject, however, to certain rights of visitation and part-time custody. On October 8, 1948, upon application of the defendant husband, an order was made modifying said decree by providing that the wife have the custody of the 8-year-old girl and the husband have the custody of the 15-year-old boy, with an elaborate schedule for visitation by each child with the noncustodial parent. No appeal was taken from this order.

The present proceedings were commenced on August 11, 1949, and in them the defendant sought to have the minor son placed in an institution for proper care and education and to obtain the custody of the minor daughter, subject to reasonable visitation by the mother.

On May 25, 1949, before the hearing had in the present modification proceedings, the Superior Court in Los Angeles County issued an order in the matter of the guardianship of Carlton Cowen, the minor son, granting the temporary custody of the boy to one Kinter Hamilton. No change was made

by the trial court herein of the provisions of the divorce decree relative to the custody of the boy. On September 2, 1949, the trial judge signed a written opinion which concluded with the sentence "The court will order the interlocutory decree modified to provide that custody of Judith Cowen be awarded to the defendant with the right of reasonable visitation extended to the plaintiff." On September 7, 1949, the following minute entry was made by the clerk: "In the above entitled matter in which an Order to show cause why the custody order in the above entitled matter should not be modified, was submitted. The Court Orders the Interlocutory Decree modified as per written opinion received and filed, this date." Plaintiff appeals from the quoted portion of the opinion and from the minute entry.

The decisive question here involved is whether there was an abuse of discretion in the change of custody ordered.

 An application for modification of an award of custody of minor children is addressed to the sound legal discretion of the trial court (*Fay* v. *Fay*, 12 Cal.2d 279, 283 [83 P.2d 716]) and it is only when a clear abuse of said discretion is made out that the determination of the trial court will be disturbed on appeal. (*Prouty* v. *Prouty*, 16 Cal.2d 190, 191 [105 P.2d 295].)

As was said in *Taber* v. *Taber*, 209 Cal. 755, 756, 757 [290 P. 36]:

"In determining whether other things are equal within the meaning of the above code section, the trial court is necessarily allowed a wide latitude in the exercise of its discretion. In the first instance it is for the trial court to determine, after considering all the evidence, how the best interests of the child will be subserved. The question is to be determined solely from the standpoint of the child, and the feelings and desires of the contesting parties are not to be considered, except in so far as they affect the best interests of the child. It is only when a clear case of abuse of discretion is made out that this court will interfere with the determination of this question on appeal. The rule has been so stated many times. In *Simmons* v. *Simmons*, 22 Cal.App. 448, 451 [134 P. 791, 793], it is said: 'It is manifest that the legislature . . . intended to confide to trial courts, in the disposition of the minor children of the parties to divorce actions, a very extensive discretion, with a view to the conservation of the highest and best interests of such minors, and the conclusion arrived at by such courts in such cases will not be set aside

unless the record discloses a clear abuse of that discretion.'
In *In re Johnson,* 101 Cal.App. 110 [281 P. 435, 438], it is
stated: 'It is not alone the rights of the parents but the wel-
fare of the child that is presented for determination, and for
that reason a wider discretion is afforded the courts in deal-
ing with matters pertaining to children than in many other
cases.' ''

█ There is substantial testimony in the record before
us showing the following facts: After the hearing on the
first application for modification of the interlocutory decree
herein, the minor son wrote to his father, stating that he was
"not going to live with him if it was the last thing he did."
The boy ran away from school, swore at his father, used pro-
fane and vulger language in the presence of his sister and
was disobedient and unmanageable. He announced that he
was "fourteen years of age, could make his own decisions"
and was "going to see to it that his father had no control
over him," and that he "would do what he wanted to do."
There are other instances shown by the testimony indicating
that the boy exhibited an attitude of defiance toward his father
and was incorrigible and wilfully disobedient. There was
evidence that the attitude of the boy toward his father oc-
curred during the time the boy was under his mother's control
and after the entry of the interlocutory decree and the first
modification thereof.

From the evidence introduced the trial court evidently con-
cluded that if the minor daughter were allowed to remain
with her mother, the daughter might likewise become un-
manageable and disobedient and that the welfare of the
girl would be best subserved by awarding her custody to the
defendant herein. In this connection there was evidence in-
dicating that the girl was already beginning to display a lack
of parental control and guidance, and that under the super-
vision of her mother she was becoming disobedient and in-
subordinate.

The first order of modification provided, among other things,
that "both parties, respectively, should cooperate in delivering
said child and said children to the other as herein provided"
and there is evidence in the record from which the trial court
could and apparently did conclude that the plaintiff failed to
comply with the order, forcing the defendant to travel from
his home in Barstow into the mountains, oftentimes in bad
weather, in order to obtain and to return the children.

The same trial judge who presided when the interlocutory decree was granted, heard the evidence on both applications to modify the decree. The record of the testimony taken at the time the decree was obtained and at the hearing on the first modification proceedings is not before us but the trial court was authorized to and no doubt did consider the evidence adduced at all of the hearings where the custody of the children of the parties was in issue. (*Crater* v. *Crater*, 135 Cal. 633, 634 [67 P. 1049] ; *Foster* v. *Foster*, 8 Cal.2d 719, 732 [68 P.2d 719] ; *Prouty* v. *Prouty*, 16 Cal.2d 190, 195 [105 P.2d 295] ; *Ludlow* v. *Ludlow*, 89 Cal.App.2d 610, 612 [201 P.2d 579].)

In the light of the circumstances shown, we are compelled to conclude that no ''clear abuse of discretion'' has been shown as to the orders made.

The argument is advanced that the defendant failed to plead or prove a ''change in conditions'' sufficient to authorize the modification of the order relating to the custody of the minor daughter here involved. ■ However, the so-called change of condition rule is not an ironclad rule to which there can be no exceptions. (*Foster* v. *Foster, supra*, 728.)

In *Bernstein* v. *Bernstein*, 80 Cal.App.2d 921, 924 [183 P.2d 43], the court said:

''In her brief appellant contended that cases such as *Foster* v. *Foster*, 8 Cal.2d 719 [68 P.2d 719], and *Moon* v. *Moon*, 62 Cal.App.2d 185 [144 P.2d 596], holding that to justify a modification there must be a change of circumstances arising after the original decree was entered, controlled here. This contention overlooked the evidence in the case, and the fact that, even though there were no such evidence, the rule in question is not a hard and fast one without any exception. The rule is best stated in a case arising as here, where originally the court held no hearing to determine the best interests of the child in the matter of custody, but followed the agreement as to custody made by the parties and in which case the court refers to the Foster case above mentioned.''

■ In the instant case the evidence shows that when the interlocutory decree was entered and the first order of modification made, the parties were living in Barstow and that the plaintiff moved to Cedar Glen, some 78 or 80 miles distant in the San Bernardino Mountains, and later moved out of the county of San Bernardino. These circumstances, together with the evidence as to the use of profanity by plaintiff and the boy in the presence of the girl and the insubordination and

disrespectful attitude of the son toward his father show the development of conditions warranting modification proceedings.

On May 9, 1950, the defendant moved this court for a dismissal of the appeal from the opinion of the trial court and from the minute entry on the grounds set forth in the respondent's reply brief. The motions were denied and the decision thereon became final 30 days after May 9, 1950. (*Easton* v. *Ash,* 18 Cal.2d 530, 539 [116 P.2d 433] ; *Edwards* v. *Brockway,* 16 Cal.App. 626, 631 [117 P. 787].)

The orders are affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied November 30, 1950, and appellant's petition for a hearing by the Supreme Court was denied January 5, 1951.