[Civ. No. 18697.   Second Dist., Div. Two.   Feb. 19, 1952.]

BENJAMIN H. NEWMAN, Appellant, v. LILLIE NEW-
MAN, Respondent.

Hobart & Hobart for Appellant.

Hugh Culler for Respondent.

FOX, J.—This appeal is from an order granting defendant's application for a modification of the interlocutory decree of divorce and awarding to her custody of the minor children of the parties.

As the sole ground for reversal plaintiff contends there is no evidence (1) of a change of circumstances to justify the modification of the interlocutory decree by which custody of the children was awarded to him or (2) that he is not a fit and proper person to have custody of the children.

An application for modification of an award of custody of minor children is addressed to the sound discretion of the trial court and its determination will not be disturbed on appeal except upon a clear showing of abuse of that discretion. (*Robesky* v. *Robesky,* 74 Cal.App.2d 523, 526 [168 P.2d 976]; *Cowen* v. *Cowen,* 100 Cal.App.2d 366, 368 [223 P.2d 666]; *Horsley* v. *Horsley,* 77 Cal.App.2d 442, 444 [175 P.2d 580].)

It is the general rule that to justify a modification of an order for custody of minor children there must be a change of circumstances after the original decree was entered which renders it essential or expedient for the welfare of the child that there be a change. It is, however, the welfare and best interests of the child with which the court is primarily concerned. (*Foster* v. *Foster,* 8 Cal.2d 719, 728 [68 P.2d 719]; *Washburn* v. *Washburn,* 49 Cal.App.2d 581, 588 [122 P.2d 96]; *Johnson* v. *Johnson,* 72 Cal.App.2d 721, 723 [165 P.2d 552].) Whether a parent is a proper person to have the custody of a minor child is controlled by a determination of his or her fitness at the time of the hearing as it relates to the welfare of the child. (*Prouty* v. *Prouty,* 16 Cal.2d 190, 194 [105 P.2d 295]; *Sorrels* v. *Sorrels,* 105 Cal.App.2d 465, 469 [234 P.2d 103].) Where custody has been decreed to one parent he or she may not be deprived

of the custody for any alleged unfitness unless it be shown he is so unfit as to endanger the child's well-being or unless there is clear and convincing evidence that the child's welfare and best interests will be directly promoted by the change. (*Johnson* v. *Johnson, supra.*)

A review of the record discloses evidence that both parents are devoted to the children and that the children have great affection for their mother and father. There is no question as to plaintiff's fitness from a moral standpoint but there is substantial evidence that the children have not had proper care and supervision during the five years they have been in his custody. The interlocutory decree was entered in July, 1945, and the hearing on the order to show cause re modification of that decree was held in August, 1950. At that time plaintiff and the four children, three girls 13, 11 and 8 years of age, respectively, and a boy 10, slept in a combination living room and dining room between which there was no partition. The four bedrooms in the house were rented. The single bath and kitchen were used jointly by all occupants of the house, which at times has been as many as sixteen. Plaintiff was employed and what supervision the children had in his absence was given by various women who rented rooms from him from time to time. At the time of the hearing they were being supervised by a Mrs. Dawson, who also had four small children of her own to care for, the eldest of whom was 6 years of age. Plaintiff's children were seen out at night alone as late as 10 or 11 o'clock and sometimes they could not be located. When plaintiff was at home he prepared the meals but for the most part during the week they were planned and prepared by the 13-year-old girl, who also purchased the food.

Defendant testified she took the children to her home about once a week; that their clothes were not clean and their underclothing was soiled; they were always in need of a bath and their teeth had not been cleaned nor was their hair combed; she purchased tooth brushes for them to use at home and urged them to keep clean; when she took the children to her home she would have to bathe them before she could take them out.

The court investigator testified plaintiff's house was illy kept and very dirty; there was debris on the floor and the bedding was filthy; the school authorities reported to her that the children came to school without their breakfast and the money which their father had given them for their lunch

was spent before lunchtime; they were suffering from malnutrition and needed dental care; they were not clean and were considered "problem children"; they had suggested to their father that he place them in a foster home, to which he would not consent.

It is clear from this evidence that the welfare and best interests of the children will be directly promoted by a change. According to the report of the court investigator, defendant's neighbors gave her a favorable reputation as to her conduct and habits since she has been living in the neighborhood. Her home, which has two bedrooms, is well furnished and immaculate. She is employed as a clerk and has been in the same position for over three years. She was highly recommended by her supervisor as to her attitude and dependability with respect to her work. Defendant is interested in the children's welfare. She testified as to the arrangements she proposed to make for their care and supervision during the time she is absent from home in her employment.

Plaintiff contends that the investigator's report cannot be considered since it is hearsay, citing *Washburn* v. *Washburn, supra.* The determination of the trial court in that case rested almost entirely upon inadmissible testimony and the report of the investigator which contained facts antecedent to the prior decree and did not set forth material facts subsequent thereto. Furthermore, the investigator was not available for cross-examination. In the instant case the report, which was admitted into evidence upon the stipulation of the parties, had reference solely to conditions subsequent to the original decree as they related to the question of the welfare and best interests of the children and the investigator was present and testified. The testimony of plaintiff's witnesses as to the care and attention which he has given the children, the relation of which occupies much of plaintiff's brief, merely creates a conflict in the evidence which the court has resolved against him.

It cannot be said as a matter of law that there was any abuse of discretion on the part of the trial court in modifying the interlocutory decree and awarding the custody of the children to defendant.

The order is affirmed.

Moore, P. J., and McComb, J., concurred.