[Civ. No. 19806. Second Dist., Div. One. Nov. 3, 1953.]

ANNE CHAGI, Appellant, v. DALVIN CHAGI, Respondent.

Borah & Borah and Julius Borah for Appellant.

Paul Gordon for Respondent.

WHITE, P. J.—By the terms of an interlocutory judgment of divorce the cross-complainant husband was granted a divorce and custody of the minor children of the parties, with right of reasonable visitation by the wife. In October, 1952, approximately a year and a half after the entry of the interlocutory judgment, the wife procured an order to show cause why custody of the children should not be awarded to her. Upon the hearing of the order to show cause, plaintiff wife presented evidence in support of her application for change of custody. Upon conclusion of her evidence the trial court granted a motion for dismissal of her application, without prejudice. This appeal by the wife is from the minute order of the court granting the motion for dismissal and denying without prejudice the wife's application for modification of the custody order of February 19, 1951.

Appellant presents as her grounds of reversal, the proposition: "The plaintiff's evidence was legally sufficient to require the trial court to deny the motion for nonsuit." Thus, in effect, appellant contends that the evidence adduced did not support the trial court's conclusion that the best interests of the children would be served by continuing their custody in the father. In support of her argument, appellant invokes the well-established rules governing motions for nonsuit—that is, that the appellate court must view the evidence in the light most favorable to the party against whom the nonsuit is granted and draw from the evidence only those inferences which are favorable to the appealing party. ██ The answer to this contention is that the court on appeal is concerned only with whether the evidence adduced by the wife could properly be deemed by the trier of fact, in the exercise of a sound judicial discretion, insufficient to justify a change of custody. In the absence of a showing of abuse of discretion, the order of the trial court should be upheld. (*Crater* v. *Crater*, 135 Cal. 633 [67 P. 1049] ; *Lefebvre* v. *Lefebvre*, 48

Cal.App. 483 [192 P. 76]; *Bush* v. *Bush,* 81 Cal.App.2d 695 [185 P.2d 38]; *Robesky* v. *Robesky,* 74 Cal.App.2d 523 [168 P.2d 976]; *Cowen* v. *Cowen,* 100 Cal.App.2d 366 [223 P.2d 666]; *Exley* v. *Exley,* 101 Cal.App.2d 831 [226 P.2d 662]; *Taber* v. *Taber,* 209 Cal. 755 [290 P. 36]; *Davis* v. *Davis,* 41 Cal.2d 563 [261 P.2d 729].)

In *Foster* v. *Foster,* 8 Cal.2d 719, 726 [68 P.2d 719], it was held that ''until some change of circumstances arises which makes a modification of the former order of custody advisable *from the point of the welfare of the child,* the courts will give effect to the former order and will refuse to make any modification order.'' (Emphasis added.) However, this rule is not ironclad. (*Foster* v. *Foster, supra,* p. 728; see, also, *Kelly* v. *Kelly,* 75 Cal.App.2d 408, 415 [171 P.2d 95]; *Peterson* v. *Peterson,* 64 Cal.App.2d 631, 633 [149 P.2d 206]; and limitations on the power of the superior court under Civil Code, sections 138 and 197, and Probate Code, sections 1407 and 1408, as judicially interpreted, where the question of ''fitness'' of a parent is involved, as discussed in *Stewart* v. *Stewart,* 41 Cal.2d 447, 451 [260 P.2d 44].)

The action for divorce was originally commenced by the wife in 1950. In December of that year the parties stipulated that the cause should be set on the ''short cause'' calendar for December 26th; that the husband should be entitled to temporary custody of the children while the plaintiff was absent from the state, and that upon her return the parties ''will attempt to mutually agree upon the custody'' and upon their failure to agree the matter should be submitted to the court. The stipulation also provided for reasonable visitation by the plaintiff, her parents, and her brothers and sisters. By an amended stipulation of the same date, December 18, 1950, it was agreed that each parent should have custody for six months of the year, but that if the parent entitled to custody should be absent from the state, then the other parent should retain custody until the return to the state of the parent entitled to custody under the stipulation.

In February, 1951, an interlocutory judgment of divorce was granted to the husband, the parties having stipulated that the wife's complaint be withdrawn. The custody of the children was awarded to the cross-complainant husband, subject to reasonable visitation rights by the wife. A property settlement agreement between the parties was approved. In October, 1952, the wife sought modification of the custody award.

Prior to the entry of the interlocutory decree herein (February 21, 1951), the parties had gone to Mexico and secured a Mexican divorce, and immediately thereafter Mrs. Chagi went to the Canal Zone, where she married her present husband in a civil ceremony on February 10, 1951. Plaintiff-appellant returned to the United States with her present husband in June, 1952.

Appellant presents the following assertedly demonstrated facts as showing that her evidence "was legally sufficient to require the trial court to deny the motion for nonsuit": (1) She had remarried; (2) because of her remarriage she had left the United States, but had now returned; (3) the paternal grandparents (with whom respondent husband and the children lived) were hostile; (4) respondent husband interfered with appellant's rights of visitation; (5) the attitude of the minor children warranted an inference that the grandparents were "conditioning the children to resist the affections of their mother"; (6) appellant intended to quit her employment if granted custody; (7) appellant had arranged to rent a two-bedroom home with den; (8) the children, girls aged 6 and 9, slept some of the time in a room with a 19-year-old boy; (9) one of the children had outgrown her shoes and had an inflamed toe, but was denied new shoes until the old ones had worn out; (10) appellant believed under the written stipulations above referred to that she would be entitled to custody upon her return to this country; (11) appellant's present husband, a physician, had severed his connections with the Army and planned to live in Southern California indefinitely; (12) the present husband was willing to have the children in his home and got along well with them; (13) the grandparents interfered with visitation by members of appellant's family; and (14) the grandparents made derogatory remarks concerning the mother in the presence of the children.

In addition, appellant directs attention to the language of section 138 of the Civil Code. providing that, other things being equal, the custody of a child of tender years should be given to the mother.

As heretofore noted, the question here presented is not, as in the ordinary civil case, whether the evidence presented is of such substantiality as to require the defense to proceed and the cause submitted to the trier of fact. The sole question is whether, under the evidence presented by the applicant for a change of custody, the trial court abused its discre-

tion. No abuse of discretion appears. The trial court saw and heard the witnesses and interviewed the children. The trial court had before it, among other considerations, the fact that the wife had left the children with her husband in order to go to the Canal Zone and remarry before the interlocutory decree had been entered, and remained away for 15 months; that the children were satisfied in an established home with their father and paternal grandparents; that the wife and her present husband had not secured a suitable home, but proposed to do so; that the wife was employed, although she proposed to cease her employment if granted custody. The court did not find that the wife was unfit to have custody, but concluded that the welfare of the children would, at present, be best served by continuing their custody in the husband.

Appellant's reliance upon section 138 of the Civil Code is of no avail. Under that section, custody of a child of tender years should be awarded to the mother, "other things being equal." In the present cause, it is apparent that the trial court came to the conclusion that they were not "equal." The trial court could well conclude that the wife had failed to show that a suitable home had been established for the children and that in view of the children's attitude and their satisfaction with their situation with their father and grandparents, their welfare would not be served by a transfer of custody.

The case of *Stewart* v. *Stewart, supra,* relied upon by appellant, is not here controlling. While in the instant proceeding, as in the cited case, appellant has not been adjudged unfit to have custody, she is now seeking to take the children from the other parent, who is equally fit. The Stewart case involved a mother, not adjudged unfit, who sought to secure custody as against strangers.

The order appealed from is affirmed.

Doran, J., and Drapeau, J., concurred.