[Civ. No. 16133.   First Dist., Div. Two.   Jan. 17, 1955.]

DORIS ROBELET, Respondent, v. VICTOR M. ROBELET, Appellant.

Paul M. Hupf for Appellant.

Franklyn M. O'Brien for Respondent.

KAUFMAN, J.—This is an appeal from an order of the Superior Court of San Mateo County, made on September 8, 1952, awarding custody and control of the minor children of the parties to this proceeding to their mother, Doris Alvarado, formerly Doris Robelet, the respondent herein.

Victor and Doris Robelet were married on September 21, 1940. Their children Doreen and Victor were born on December 25, 1941, and June 23, 1943. On March 22, 1949, an interlocutory decree of divorce was entered in favor of Doris upon grounds of extreme cruelty, and care, custody and control of the minor children were awarded to her. The final decree of divorce, which incorporated by reference the provisions of the interlocutory decree, was entered on March 22, 1950.

Respondent, Doris Robelet, was at the time of granting the interlocutory decree, seriously ill both physically and mentally, and upon the advice of her physician and her attorney, allowed the paternal grandmother of the children to have their physical custody. The grandparents' home had always been near to the home of the children's parents, and there was a very

pleasant relationship between the grandmother and the children. Appellant also lived in the grandparents' home with the children.

The treatment of the mother's illness took a long period of time, but she is now apparently completely recovered both in her physical and mental health.

In April, 1952, respondent married William Alvarado and their home is in Covina, California.

In June, 1952, appellant, Victor Robelet, remarried, and resides in San Mateo County with his present wife and her young daughter whom he has legally adopted.

Appellant applied in June 1952 to the Superior Court of San Mateo County to change the order for custody and control of the children from the mother to him. The matter was heard by Judge Gregory P. Maushart who was at that time sitting in the Superior Court of San Mateo County. On October 3, 1952, he ordered that the interlocutory and final decrees of divorce be modified so as to give the care, custody and control of the children to the father, Victor Robelet, with visitation rights to the mother, and ordered that they should be allowed to visit and remain with her during Easter vacation and from June 1953 till September 1953. In an opinion filed prior to the order, the judge stated that the case was most unusual in that both parties are sincere in their efforts to determine what is for the best interest of the children, and that both parents are fit persons to have their care, custody and control. He stated that he made the order for the purpose of giving the children an opportunity to live with their mother during the summer, and be able to express an intelligent opinion concerning their future place of habitation, and that a further hearing be held in August 1953 prior to the opening of school so that it might be determined whether a further change in the custody order would be for the best interest of the children. The opinion concluded as follows: "It is distinctly to be understood that the order made herein by the Court is without prejudice to either party to further apply for modification of this order."

The final decree of divorce was modified in accordance with said opinion. The children continued to live in San Mateo County with appellant and his present wife, but visited respondent during Easter vacation. In June, 1953, they went to respondent's home in Covina to spend the summer vacation.

In August, 1953, respondent applied to the Superior Court

of San Mateo County for an order changing the custody of the children to her. On September 8, 1953, the matter was heard before Judge Aylett R. Cotton, who ordered the final decree of divorce and the modification order of October 2, 1952, to be further modified so as to give the care, custody and control of the minor children to the mother, with rights of visitation to the father. The order also reduced the amount of child support in the divorce decree of $100 per month to $75 per month, since the trial judge considered the appellant's financial obligations at present too onerous to make payment of the full $100 per month feasible.

It is contended that the trial court in making the modification order awarding custody of the children to the mother, improperly disregarded the previous judgment which awarded custody of the children to the father. Appellant cites *Washburn* v. *Washburn*, 49 Cal.App.2d 581 [122 P.2d 96] and *Davis* v. *Davis*, 41 Cal.2d 563 [261 P.2d 729] to the effect that while the court has a broad discretion in such matters, it is the general rule that to warrant the modification of a custody order, there must be substantial evidence of change in circumstances after the entry of the original decree. Appellant argues that the trial court in the August hearing in effect disregarded the prior hearing before Judge Maushart which culminated in the order of October 2, 1952, and instead of limiting the evidence to the period between October 2, 1952 and August 1953, went into the entire matter.

However, it is true, that the modification order made in October, 1952, was made for the purpose of giving the mother's home a trial, but still protecting the father by giving legal custody to him. The trial judge in making such an order suggested that a further hearing be held in August 1953 to determine whether a further change in the order should be for the best interests of the children.

The best interests of the children could scarcely be determined by the trial judge at the August 1953 hearing without some evidence on the background of the case. Appellant admits that he does not consider the impropriety on the part of the court in considering the entire matter, in itself sufficient to justify a reversal, but maintains that that fact together with the lack of any substantial evidence of any change in circumstances and other facts which he enumerates, sufficient ground for a reversal. Appellant then proceeds to review facts in the history of the case prior to the 1952 hearing which he contends the trial judge disregarded.

A review of the record of the hearing of September 8, 1953, reveals that although the trial court stated that he was going to take the whole matter up, the evidence was confined almost entirely to conditions in the Robelet and Alvarado homes since the remarriages of appellant and respondent in 1952 and the reactions of the children in both those homes since that time, as related to the court by the parties. If the trial court also consulted the record of the hearing before Judge Maushart for background on the case, then it must be presumed that he was cognizant of the evidence of the facts to which appellant refers, but that he did not regard them as determinative of the matter when considered together with present circumstances.

We cannot agree with appellant that no change of circumstances sufficient to warrant the order made herein was proved to the court. Appellant had after his remarriage adopted the little daughter of his second wife, and at the time of the hearing the Robelets were expecting a child. The financial situation in appellant's home was such that the trial judge deemed it advisable to cut the child support order from $100 to $75 per month. There were no other children in respondent's home. The testimony showed that the children had made an excellent adjustment in respondent's home and that their health and manners had improved to some extent. Therefore, if it were in all cases necessary to show a change of circumstances to support a modification of a custody order, we feel that a substantial change in circumstances was shown. However, it has been said that the change of circumstances rule "is not an ironclad rule to which there can be no exceptions." (*Cowen* v. *Cowen*, 100 Cal.App.2d 366, 370 [223 P.2d 666] ; *Foster* v. *Foster*, 8 Cal.2d 719, 728 [68 P.2d 719].)

The welfare and best interests of the children is the all-important consideration in custody cases. (*Foster* v. *Foster*, 8 Cal.2d 719 [68 P.2d 719] ; *Johnson* v. *Johnson*, 72 Cal.App.2d 721 [165 P.2d 552] ; *Newman* v. *Newman*, 109 Cal.App.2d 359 at 360 [240 P.2d 682].)

It is true that Judge Cotton did not follow out the desire expressed in Judge Maushart's opinion that the children should be given an opportunity to express an intelligent opinion as to their preference. Judge Cotton was not bound by this opinion, however, for the children were under 14 years of age, and the trial judge did not abuse his discretion in deciding the matter without the opinion of the children.

█ Appellant contends finally that error was committed by the trial court in sustaining objection to questions by appellant's counsel which were asked for the purpose of showing a lack of interest on the part of the mother in her children prior to the 1952 hearing. If there had in fact, been a lack of interest on the part of the mother in earlier years, still that would not be controlling, if during the immediate past her interest and concern was that of a normal mother. The fitness of a parent to have the custody of a child is determined as it exists at the time of the hearing, and not as it may have been some time in the past. (*Prouty* v. *Prouty*, 16 Cal.2d 190, 194 [105 P.2d 295]; *Sorrels* v. *Sorrels*, 105 Cal.App. 465 [234 P.2d 103].) The question was, therefore, not material and relevant, but even if it had been, this error alone would not warrant a reversal. The trial judge, if he reviewed the prior proceedings in this case, would have noted the testimony in the record given by appellant and his mother on the matter of respondent's interest in her children, and would have weighed against this respondent's testimony of her visits, as well as the fact that her mental and physical illness made it necessary for her to stay away from her children for a long period. █ The trial court was authorized to consider the record of the prior hearings. (*Cowen* v. *Cowen*, 100 Cal.App.2d 366, 370 [223 P.2d 666], and cases there cited.)

█ The trial judge here also noted that the children were of tender years, that other things being equal, the mother was entitled to their custody. (Civ. Code, § 138; *Washburn* v. *Washburn*, 49 Cal.App.2d 581, 588 [122 P.2d 96]; *Sorrels* v. *Sorrels*, 105 Cal.App.2d 465, 468 [234 P.2d 103].) His decision is therefore supported by the record and the authorities, and no abuse of discretion appears.

Order affirmed.

Nourse, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied February 16, 1955, and appellant's petition for a hearing by the Supreme Court was denied March 16, 1955.