[Civ. No. 8802.   Third Dist.   July 2, 1956.]

DOROTHY THOMPSON, Appellant, v. MATT THOMPSON, Respondent.

Kasch & Cook for Appellant.

Frank Petersen for Respondent.

VAN DYKE, P. J.—This is an appeal from an order changing the custody of a minor girl who is now over 14 years of age.

In 1945 an interlocutory decree of divorce, which has since become final, was granted to the appellant on the ground of extreme cruelty. At that time the respondent father was suffering from active tuberculosis but the disease is now arrested and noncontagious. Both of the parties have remarried and each has two children of such second marriage. Due to the respondent's illness, the divorce decree provided that the appellant mother should have exclusive custody of the minor without visitation rights upon the part of the respondent father. The order from which this appeal was taken modifies the custodial provision of the divorce decree by awarding the custody and control of the minor to the parties jointly and giving the respondent physical custody of the minor during July and August, and monthly visitation rights. Appellant maintains that in so doing the trial court abused its discretion as there was no change of circumstances to justify the modification and it is not for the best interest of the minor.

Appellant suggests that the fitness of the respondent to have custody of his daughter is questionable because in 1930 or 1931 he served a term of one year in San Quentin and because in 1948 he had premarital relations with his present wife. However, except for these remote incidents there is no evidence which reflects upon respondent's morality. It appears that he and his wife are leading respectable lives and maintaining a suitable home into which to bring his

daughter. ■ Appellant contends that respondent has evidenced disinterest and unconcern for his child because he has never contributed to her support or visited her. However, there is evidence that the minor's maternal grandparents objected and prevented his seeing her and that, in fact, for some time he did not know her whereabouts. Likewise, there is evidence that the respondent was ill and unable to work for several years and confined to a sanitarium for a period of time following the divorce. It was not until approximately 1953 that he regained his health. Since that time he has established a successful business and has provided well for his present family.

■ Appellant complains that the trial court refused to question the minor as to her wishes. Such accusation is unfounded and unfair. Counsel stipulated that "she would say she would rather stay with her mother at this time, because she doesn't know her father." Such fact was not decisive "and in determining what is best for the welfare of children not only their immediate welfare but their future should be taken into consideration;" and it has been held to be an abuse of discretion to deny a minor "an opportunity to know, to learn to respect and receive the care and affection" of one parent "for at least a part of each year." (*Juri* v. *Juri*, 69 Cal.App.2d 773, 780 [160 P.2d 73].)

■ Appellant's argument that there was lacking the requisite change of circumstances to warrant the modification made cannot be sustained. At the time of the original custodial award respondent was ill and not only unable to care for his child but any contact with her would have been dangerous due to his infectious condition. He has now regained his health and there is no physical risk attendant upon contact between the two. This constitutes a material change of circumstances. (*Robesky* v. *Robesky*, 74 Cal.App.2d 523, 527 [168 P.2d 976].) Moreover, at the time of the divorce the parties lived in Fort Bragg, where the respondent still resides, whereas appellant and the minor have moved to Monterey County, which renders difficult and impracticable the frequent exercise of visitorial rights. Such change in circumstances is sufficient to justify the modification made. (*Read* v. *Read*, 103 Cal.App.2d 721, 723 [230 P.2d 46].)

■ No citation of authority is necessary to support the well established rule that:

"An application to change the custody of a child from one

parent to the other is addressed to the sound discretion of the trial judge and his order will not be reversed except on a clear showing of a breach of that discretion." (*Robesky* v. *Robesky, supra,* at p. 526.)

No such showing was herein made.

The order is affirmed.

Schottky, J., and McMurray, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.