[Civ. No. 6293. First Appellate District, Division One.—December 20, 1928.]

AMELIA OLSON, Respondent, v. PETER OLSON, Appellant.

John E. Carson and Munson T. Case for Appellant.

Arvin B. Shaw, Jr., for Respondent.

TYLER, P. J.—This is an appeal from an order refusing to modify a divorce decree with reference to the care and custody of minor children.

Plaintiff and defendant intermarried in the year 1900 and lived together as husband and wife until May 5, 1922. During that period plaintiff bore defendant seven sons, who at the latter date were of ages ranging from six to twenty years. At this time plaintiff filed her complaint for separate maintenance alleging cruelty on the part of defendant toward herself and the children. On May 9, 1922, in pursuance of an order to show cause Judge J. W. Summerfield ordered that defendant pay plaintiff alimony *pendente lite,* and the custody of the minor children was awarded to plaintiff. Defendant subsequently filed a cross-complaint in divorce

charging desertion and cruelty. At the trial, with the approval of Judge Walton J. Wood, who presided, the complaint of separate maintenance and the cruelty charges of the cross-complaint were withdrawn by stipulation and a divorce was granted to defendant upon the ground of desertion. An interlocutory decree was entered in which the custody of the children was awarded to plaintiff. In August, 1924, defendant instituted proceedings to obtain a modification of this judgment. Hearings were held upon the application by Judge F. M. Jamison. Witnesses were sworn on behalf of each of the parties and evidence taken respecting their fitness to act. Defendant's application was denied. On February 3, 1925, on motion of defendant's attorney a final decree of divorce was entered in which the provisions of the interlocutory decree, in respect to the custody of the children, were continued in force. In both decrees plaintiff was granted an allowance of $120 per month for their support. About a year after the hearing before Judge Jamison, defendant again applied for a modification of the decree respecting the children. A hearing was held thereon by Judge Hartley Shaw at which defendant testified, and again his application was denied. Three months thereafter defendant once more obtained an order to show cause why the decree should not be modified in respect to the custody of the four youngest children. This hearing was had before Judge K. S. Mahon. In an affidavit filed by defendant in support of his motion it was charged that Judge Wood in making his interlocutory decree acted without a careful regard touching the fitness of plaintiff to have the custody of the children and defendant asked the court to receive evidence relative to her fitness at a time antedating the interlocutory decree. The court refused to hear evidence of facts occurring prior to the former hearings, but heard a number of witnesses produced by defendant in support of his motion. The application was again denied. It will thus be seen that the fitness of plaintiff to have the care and custody of her minor children has been passed upon by five different judges. Appellant appeals from the last order and claims that the court erred in not permitting him to introduce testimony which was or might have been introduced at the prior hearings. There can be no doubt where jurisdiction to grant a divorce and award

the custody of the minor children of the marriage once attaches, that jurisdiction is, under our statute, a continuing one, so that the power to amend, modify or annul an order of custody for the welfare of children as existing conditions may demand, ever after remains. ██ But this does not mean the parties to such litigation may after a court has once heard evidence upon the subject of their fitness to act and ruled upon the question, immediately again invoke the powers of the court to have it inquire into the same or other facts existing at the time of or prior to the former decree. Such holding would lay a foundation for interminable and vexatious litigation. (*Burns* v. *Shapley*, 16 Ala. App. 297 [77 South. 447].) The rule is stated to be that to justify a modification there must be a change of circumstances arising after the original decree is entered or at least a showing that the facts were unknown to the party urging them at the time of the prior order, and could not with due diligence have been ascertained. (19 Cor. Jur. 350.) ██ Then again, in proceedings of this character appellant must show abuse of discretion. The rule is elementary that in matters affecting custody of children the trial court has a very wide latitude of discretion. It has the parties before it, is able to act promptly and appropriately under changed conditions, and its decision cannot be altered by an appellate court unless it clearly appears that the court not merely erred, but has radically abused its discretion. (*Bancroft* v. *Bancroft,* 178 Cal. 352 [173 Pac. 582] ; *Black* v. *Black,* 149 Cal. 224 [86 Pac. 505].) ██ In passing upon contests of this character the interest of children is the paramount question to be considered and numerous and acrimonious applications add nothing to their welfare.

The order is affirmed.

Knight, J., and Cashin, J., concurred.