NAOMI MOON, Appellant, v. CHARLES MOON, Respondent.

Arthur A. Jones for Appellant.

Clarence Hansen for Respondent.

BISHOP, J. pro tem.—Plaintiff gave notice, January 5, 1943, that she appealed from two orders, one made on December 18, 1942, and the other on January 4. In the first of these orders the court modified a provision, in the interlocutory judgment, respecting the custody of Charla, the three-year-old child of the parties, and by the order of January 4 the court

denied a motion which, if granted, would have restored the provision that the custody of Charla was awarded to the plaintiff.

In the interlocutory judgment which had been entered in this cause on November 17, 1941, this provision was made respecting Charla's custody: "The Court hereby awards to the plaintiff and cross-defendant, the custody, care and control of CHARLA JEAN MOON, the minor child and baby of the parties herein to remain in the maternal grandparents home until further order of the Court; that the defendant and cross-complainant may visit the child at all reasonable times without interference, and that he may have the child with him each Tuesday of each week from 9:00 o'clock a. m. until 7:00 o'clock p. m. beginning November 4, 1941 until further order of the Court." A final judgment of divorce, entered November 23, 1942, by reference adopted the terms of the interlocutory decree respecting custody and thus continued them in effect. Because the trial court could not, validly, decree that plaintiff must continue to live at any particular place, certainly not at a home which was not hers, and because it is apparent that the court was concerned not with the plaintiff's environment, but with that of Charla, we are of the opinion that the only reasonable construction to be placed upon the provision just quoted is that it required that Charla, not the plaintiff, was to remain in the home of Charla's (not the plaintiff's) maternal grandparents.

■ Undoubtedly the trial court had authority to change its order respecting the custody of Charla (Civ. Code, sec. 138.) Because of her tender years, "other things being equal" she should be in the custody of the plaintiff, her mother. (Civ. Code, sec. 138.) The court having originally determined that she should be in her mother's custody, some change in conditions or some unusual circumstance had to be shown to justify an alteration of that provision. (*Foster* v. *Foster* (1937), 8 Cal.2d 719, 726 [68 P.2d 719] ; *Washburn* v. *Washburn* (1942), 49 Cal.App.2d 581, 587 [122 P.2d 96].)

■ One who seeks a modification of an existing custody order has the burden of proving that conditions have so changed that a modification is justified (*Prouty* v. *Prouty* (1940), 16 Cal.2d 190, 193 [105 P.2d 295]), and the paramount purpose of the whole proceeding is to serve the best interests of the child. (*Prouty* v. *Prouty, supra,* p. 195.)

The sum of the matter is that the evidentiary support for the order taking three year old Charla from her mother's custody and placing her in that of her father, must be adequate, if the order is to stand.

There is, we find, very little, if any, competent evidence that can be said to have been the basis for the order. In support of the order directing the plaintiff to show cause why the custody provision of the decree should not be modified, the defendant filed his affidavit containing these statements: "That since said Order was made the conditions and circumstances surrounding the parties, and upon which said Order was based, have materially changed, in this: . . .

"That the plaintiff and cross-defendant has failed to obey the order of the Court and the recomendations of Mrs. Mary Cook, the Court assistant, in this, that she has for many months past and now failed to properly take care of the minor child, and that she did move away from the residence of her mother and father; that the minor child of the parties hereto is not being properly raised and is living under an unsuitable environment, which, if continued, will be detrimental to the welfare of said minor child in the future; that the plaintiff and cross-defendant has not conducted herself as a fit and proper person within the past year." With but one exception these statements are but the conclusions of the defendant upon the very questions which the trial court had to determine; they had no evidentiary value. (*Pearson* v. *Superior Court* (1932), 122 Cal.App. 571, 573 [10 P.2d 489, 490]; *People* v. *Thompson* (1935), 5 Cal.App.2d 655, 663 [43 P.2d 600, 603].) The exception is the statement that the plaintiff had moved away from the residence of her parents. This did not, as we have seen, constitute a violation of the court's previous order, and the fact that it was not in harmony with the recommendation of the court's assistant has no significance.

At the hearing, on the order to show cause, a few additional facts appeared, which, had they been developed, might well have been sufficient support for the order of December 18. For example, the defendant testified that on several occasions when he called in the evening to ask permission to take the child the next day he found that she had been left in the care of "another minor child." How old this other minor was, or her competence to care for Charla, was not made to appear. The defendant complained, too, that quite often

"the child" was dirty when he took her. These, and another fact or two, caused the trial judge to say that he had all the evidence he wanted; that he was going to send an investigator to look into the home; that the matter was continued until December 18.

With the determination of the trial court to make use of one of the two investigators provided by the Legislature (Code Civ. Proc., sec. 261a) we have no fault to find; the witnesses before him were very partisan, and it appeared that a disinterested investigation should be made. We are of the opinion, however, that in the words of section 261a, Code of Civil Procedure, providing that ". . . to assist the court in the transaction of the judicial business of said court, [it] may appoint the following employees: . . . two investigators of domestic relations cases . . ." there is not to be found any legislative intent to authorize the acceptance of a report of the investigator privately given, not upon the stipulation of the parties, as the basis for the making of a judicial order. But it clearly appears that the order which was made December 18 was based largely on the investigator's report, communicated privately to the judge, and without any stipulation that it might be considered. The "Recommendation" of the investigator was filed December 18, with the court's notation, "Approved and so ordered," but no further report appears in the record. At the hearing on December 18, no witnesses were called; the trial judge announced the recommendations of the investigator, and indicated that they constituted his order; he then concluded the brief session with the words: "I have gone into this very thoroughly with my investigator, with the report. That is all. You get the child today."

██ Even an affidavit is incompetent evidence save where authorized by law. (*Reidy* v. *Collins* (1933), 134 Cal.App. 713, 722 [26 P.2d 712], and cases cited.) ██ Until the Legislature so provides, the report of the court's investigator, not required to be under the sanction of an oath, or to be made a part of the record, is not competent evidence, and is not a proper foundation upon which to base an order. The opinion of our Supreme Court in *Fewel* v. *Fewel* (1943), 23 Cal.2d 431 [144 P.2d 592], while dealing primarily with an order based exclusively on a recommendation of an investigator, without an accompanying report, contains a discussion pertinent to our conclusion and fully supports it.

The order of December 18, 1942, is reversed. The appeal from the subsequent order of January 4, 1943, having become moot, is dismissed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.