[Civ. No. 7136.   Third Dist.   June 27, 1945.]

ERNEST JURI, Respondent, v. MARY MARGARET JURI,
Appellant.

Jos. H. Huberty for Appellant.

Gumpert & Mazzera, Virgil M. Airola and J. Calvert Snyder for Respondent.

ADAMS, P. J.—This is an appeal from an order modifying a decree of divorce in regard to the custody of two minor chil-

dren of the parties. The same case was previously before this court (*Juri* v. *Juri*, 61 Cal.App.2d 815 [143 P.2d 708]) at which time both plaintiff and defendant had appealed from an order modifying the original interlocutory decree of divorce. The record on that appeal revealed that the original decree of divorce had been granted to plaintiff upon the failure of defendant to appear; and that the custody of the two children, then two and three years old, had been awarded to plaintiff. Subsequently, on petition of defendant for a modification of said decree so as to award the custody to her, the trial court amended same to provide that defendant have the custody and control of the children during the summer vacation period in the months of May, June, July and August. This order was made January 10, 1942, and recited among other things: "From the testimony it appears that defendant is a teacher in the grade schools of California and employed at present, and it appears to me that both plaintiff and defendant are proper persons to have the custody and control of the children. I see no reason why defendant should be denied the association and custody of her children for a portion of the year." From this order both parties appealed. The arguments then advanced by plaintiff in his brief before this court were that defendant was not in a position to take care of the children as she was living with her sister and occupying one of the only two bedrooms in the house, that she was teaching full time, and, particularly, that there had been no change of circumstances during the period that had elapsed between the entering of the original decree and the order changing it, to justify the alteration, and that the trial court abused its discretion in granting the custody and control of the children to their mother during a portion of each year.

This court sustained the order of the trial court because, as we stated, it had impliedly found that the best interests of the children would be served by dividing their custody between the parents, and we were not prepared to say that it had abused its discretion in refusing to give the custody solely to the mother, though we expressed the opinion that, in view of the tender years of the children, and the finding that both parents were fit and proper persons to have such custody, the trial court, in the exercise of its dicretion, should have awarded their custody to the mother.

Coming now to the present appeal, the record shows that on May 18, 1942, some four months after the order amending

the interlocutory decree, the trial court made and entered a final decree, providing therein that it should not in any manner affect or modify any order made with respect to the custody of the children of the parties. It also shows that plaintiff, on May 6, 1944, filed an affidavit in the trial court praying for an order modifying the existing order of January 10, 1942, so as to give the "unrestricted full time custody" of the two children to plaintiff. In this affidavit plaintiff complained of the manner in which defendant had conducted herself in attempting to visit the children in that she had refused to enter the home of plaintiff's mother with whom he and the children were living, and that she had not evidenced an affectionate manner toward them; that she had proven herself to be an unfit and improper person to have custody and control of them; that the children were attached to plaintiff and his mother and that it would require force to take them from the custody of plaintiff; that defendant had remarried and was living near Tomales in Marin County, in which home there were two stepchildren; that the climatic conditions along the Marin County coastal regions differed from those in Calaveras County; that the Marin County population had increased and sickness was prevalent there, and if the children were taken there they would be in grave danger of contracting sickness; and, therefore, it would be for their best interests that the previous order be modified to give plaintiff the full time custody. An order to show cause issued and the matter came on for hearing on May 24th, and on June 1st the court made its order awarding the sole custody to the father, it having, in the intervening period, refused the mother the custody for the vacation period under the existing order. Defendant has again appealed, and urges that plaintiff has totally failed to substantiate his charge that defendant is not a fit and proper person to have the custody of her children, that no change of circumstances has been shown justifying the change of custody, or justifying depriving the mother of the custody during the vacation period each year, and that the trial court abused its discretion in awarding the full custody to plaintiff.

We are of the opinion that appellant's contentions must be sustained. The only change of circumstances that appears in the case is that since the former order defendant has remarried and is now living in a home of her own with her husband and his two children by a former marriage—a change for the better. There is no evidence that defendant is not still

a fit and proper person to have custody of her children, and in fact respondent's counsel, during the course of the proceeding, stated that her character was not being questioned. There is uncontradicted evidence that her new husband is a substantial citizen and an entirely respectable and industrious person, earning a livelihood for his family, that his home is a comfortable place of residence, it being a house with four bedrooms, with a large yard, and a separate room available for these children. No evidence was adduced to substantiate plaintiff's charge that the climate of Marin County where defendant resides is not salubrious, or that a change of climate from the mountains to the seaside in summer would be likely to prove detrimental to the health of the children. At the hearing plaintiff's evidence consisted largely of an attempt to justify custody in himself by showing that the children are well cared for and happy with their father and grandmother, and that defendant, on her visits to the children, had not evidenced sufficient affection for them, and had been unwilling to enter the grandmother's home to visit with them.

He also called some witnesses who, without knowing appellant or her home surroundings, expressed the opinion that taking the children out of their present environment would be detrimental to their nervous systems, and health. But such testimony is entitled to no consideration, the subject not being one upon which opinion evidence is proper. (Code Civ. Proc., § 1870; *Moore* v. *Norwood,* 41 Cal.App.2d 359, 366 [106 P.2d 939]); and no qualifications of the witnesses to render such opinions were shown.

As is not unusual in such cases the evidence before us and that presented on the prior appeal shows that the relations between defendant and plaintiff's mother, who has the care of the children, are strained; that one of the reasons for the separation of the parties was that plaintiff refused to provide a separate home for his family but required them to live with his mother and sister; that defendant's visits to see her children have not been encouraged, that she has been able to see them only in the presence of the grandmother or other members of her household, and that she has not been permitted to take them from plaintiff's home even for an hour; that the attitude of the children toward their mother is one of fear and even of spite, and that, to say the least, they are not being taught to like or respect her. Even in the courtroom the younger child kicked his mother without reproof

from his father, and when he finally consented to sit by her told her that her new husband was a Jap, and that her babies would be Japs, a notion which could hardly have originated with a four-year-old child.

Recognizing as he must in view of his previous contentions, that to justify a change of custody some change of circumstances since the making of the existing order had to be shown by him, respondent urges in his brief that the children have grown two years older, that they have become accustomed to their present environment and the persons in it; that they are of sensitive dispositions and that if taken to defendant's home would have to compete with defendant's present husband and his daughters for their mother's love and affection, and face new situations; that the religious background would be different and there would be different training and methods of discipline for them in appellant's home.

We are unable to agree that the foregoing constitute such a change of circumstances as justified the order of the trial court. As far as defendant's home is concerned, it is not denied that she now has a fit and proper home of her own, and the objection previously made by plaintiff that she was living in one room with her sister and had no place to take the children has been obviated. The only other changes are that the children have grown a little older and, due to the conditions under which they have been living, have not had an opportunity to know their mother, and have become to some extent estranged from her.

In *Moon* v. *Moon*, 62 Cal.App.2d 185, 186-187 [144 P.2d 596], in reversing an order which had given custody of a child to its father, the court said:

"Undoubtedly the trial court had authority to change its order respecting the custody of Charla (Civ. Code, § 138.) Because of her tender years, 'other things being equal' she should be in the custody of the plaintiff, her mother. (Civ. Code, § 138.) The court having originally determined that she should be in her mother's custody, some change in conditions or some unusual circumstance had to be shown to justify an alteration of that provision. (*Foster* v. *Foster* (1937), 8 Cal.2d 719, 726 [68 P.2d 719]; *Washburn* v. *Washburn* (1942), 49 Cal.App.2d 581, 587 [122 P.2d 96].) One who seeks a modification of an existing custody order has the burden of proving that conditions have so changed that a modification is justified (*Prouty* v. *Prouty* (1940), 16 Cal.2d

190, 193 [105 P.2d 295]), and the paramount purpose of the whole proceeding is to serve the best interests of the child. (*Prouty* v. *Prouty, supra,* p. 195.) The sum of the matter is that the evidentiary support for the order taking three year old Charla from her mother's custody and placing her in that of her father, must be adequate, if the order is to stand.''

(Also see *Prouty* v. *Prouty,* 16 Cal.2d 190, 193 [105 P.2d 295]; *Foster* v. *Foster,* 8 Cal.2d 719, 726-727 [68 P.2d 719]; *Olson* v. *Olson,* 95 Cal.App. 594, 597 [272 P. 1113]; *Gavel* v. *Gavel,* 123 Cal.App. 589 [11 P.2d 654]; *Washburn* v. *Washburn,* 49 Cal.App.2d 581, 587 [122 P.2d 96]; *In re Inman,* 32 Cal.App.2d 130, 134 [89 P.2d 421].)

But aside from the fact that plaintiff has failed to show a change of conditions justifying a change in the prior order of the court we are also still of the opinion expressed in our former decision in this case, that in view of the tender years of these children, and the provisions of section 138 of the Civil Code, their custody should have been awarded to their mother. If, as plaintiff argues, a divided custody is likely to prove unfavorable, this could be avoided by giving the sole custody to the mother. As was said in *Washburn* v. *Washburn, supra,* and has in substance been stated over and over again by the courts of this state and elsewhere, ''It is not open to question, and indeed it is universally recognized, that the mother is the natural custodian of her young. This view proceeds on the well known fact that there is no satisfactory substitute for a mother's love. So true is this that in this state the code exacts that she shall have custody of her child, everything else being equal, unless the child has reached the age which necessitates a particular education or preparation for its life work. (Civ. Code, § 138.) In the case of girls it is obvious that they are particularly in need of the sympathy, affection, consideration and tender care which only a mother can give—and so normally they should be in her custody.'' And in *Estate of Lindner,* 13 Cal.App. 208, 212 [109 P. 101], it was said that ''A mother who is both capable and anxious to rear her own offspring should not be deprived of the opportunity to thus discharge the duty she owes to the child, without a clear showing of unfitness for the trust.''

In the case before us the children, a boy and a girl, were, at the date of the order appealed from, respectively, about four and five years of age, and the grandmother who has their care was sixty-five, while their mother was but thirty-two. It must

be obvious, then, that before many years the time will come when the grandmother, even if she survives, will hardly be fitted to give proper care and attention to these children, even assuming that she can do so now; and when that time arrives, their care must inevitably pass to strangers, especially if they are permitted to become entirely estranged from their mother.

■ While as between parents claiming custody neither parent is entitled to it as of right, and the welfare of the children is the paramount consideration in determining custody, the rights of the mother are not less than those of the father; and in determining what is best for the welfare of children not only their immediate welfare but their future should be taken into consideration; and where the ability, willingness and eminent fitness of a mother to take custody of her infant offspring are unquestioned, as is the case before us, we believe that in denying these children an opportunity to know, to learn to respect and to receive the care and affection of their mother for at least a part of each year, the trial court abused its discretion. Its order appealed from is therefore reversed.

Peek, J., concurred.

THOMPSON, J., concurring.—I concur in the reversal of the order appealed from, awarding the exclusive custody of the children to the father, on the ground that there is no substantial evidence of a change of conditions affecting their welfare since the previous order was made January 10, 1942, awarding them to the custody of the mother during the months of May, June, July and August of each year. The fitness of neither parent is seriously disputed. The court previously found that both parents were fit and proper persons to assume the custody of the children. On a motion to change the custody of children from one parent to another, the court should give effect to the former order and refuse to modify it unless there is evidence adduced showing a change of conditions detrimental to the welfare of the children. (*Foster* v. *Foster*, 8 Cal.2d 719, 726 [68 P.2d 719].) No such change appears on the present appeal.

A petition for a rehearing was denied July 17, 1945, and respondent's petition for a hearing by the Supreme Court was denied August 16, 1945. Schauer, J., voted for a hearing.