[Crim. No. 2428.   Third Dist.   Jan. 27, 1953.]

In re DONA ALLEEN ELLIOTT, on Habeas Corpus.

Bruce A. Werlhof for Petitioner.

Theodore G. Elges for Respondent.

PEEK, J.—By habeas corpus, petitioner, the mother of two infant daughters, aged 2½ and 4 years respectively, seeks to have her husband, the father of said children, deliver to her the custody of the two girls.

From the record now before this court it appears that on September 5, 1952, petitioner and her husband separated. At that time they were both residents of Shasta County. On October 9, 1952, she filed an action for divorce in said county. It further appears that on or about the 26th day of September, 1952, the father took the children from the custody of the mother in Shasta County and that she has neither heard of nor seen them since. Although she alleges that he obtained their custody by a subterfuge he denies such allegation. Shortly thereafter on September 29, 1952, the mother filed a custody proceeding in the Superior Court of Plumas County whereby she sought a return of the children. She alleges that in response to the order to show cause why she should not be given temporary custody of said infant children, the father appeared in the superior court; that the judge refused to allow testimony to be taken, and without a proper hearing thereon summarily denied said order to show cause. However, it appears from the return of the father to the order to show cause issued by this court that testimony was taken at said hearing and that the court at the conclusion thereof denied the mother's motion. After numerous continuances, both the custody proceeding and the divorce action, which in the meantime had been transferred to Plumas County, were, on December 22, 1952, taken off the calendar to be reset by stipulation of counsel. The mother further alleges that since September 26, 1952, she has attempted to have the defendant served with an order to show cause issued by the Shasta County Superior Court while the case was pending there, why petitioner should not have the custody of said children, attorney's fees and court costs, and support for the two children, pendente lite, but neither she nor the constable of the Plumas Judicial District have been able to locate either the father or the children in Plumas County.

It appears that under the showing made, petitioner is not entitled to the writ, but not for the reasons advanced by counsel for the father; neither the code sections nor the cases cited and relied upon are in point.

█ It is the well established rule in this state that where the question of care and custody of a child is presented, the paramount consideration must be the welfare of the child. (*Washburn* v. *Washburn,* 49 Cal.App.2d 581 [122 P.2d 96].) █ But other things being equal, children of tender years, such as those in the present case, should be with their mother. (*Moon* v. *Moon,* 62 Cal.App.2d 185 [144 P.2d 596].) █ Fur-

thermore, where the record is devoid of any evidence of unfitness of the mother the award of sole custody to the father is an abuse of discretion and will be reversed on appeal. (*Juri* v. *Juri,* 69 Cal.App.2d 773 [160 P.2d 73].)

█ A custodial order is not irrevocable, irrespective of its terms, and upon a proper showing being made the court may, at any time during the minority of the child, modify or vacate the same. (*Parker* v. *Parker,* 203 Cal. 787 [266 P. 283].)

█ Generally, such a modification order is subject to the rule of changed circumstances. (But see *Peterson* v. *Peterson,* 64 Cal.App.2d 631 [149 P.2d 206].) █ In the present case the only facts shown by the meager record before us which in any way could have influenced the trial court were circumstances surrounding the mother's home and her employment as shown to be then existing. From the statements of counsel at the oral argument before this court it now appears that she has changed her residence, is no longer employed, is living at the home of her parents and is well able to care for her children.

It would seem unnecessary to further discuss this phase of the case since the elements herein discussed can be more thoroughly considered and a proper determination made thereon upon a hearing of the mother's petition for custody which is now pending in the trial court.

The writ is denied.

Van Dyke, P. J., and Schottky, J., concurred.