[Civ. No. 20006. Second Dist., Div. One. Feb. 15, 1954.]

VIRGINIA HALE, Appellant, v. WILLIAM R. HALE, Respondent.

Templeton & Miller for Appellant.

Finch, Bell, Duitsman & Jekel for Respondent.

DORAN, J.—As recited in appellant's brief, "This is an appeal from that portion of the interlocutory judgment of divorce awarding the custody of the minor child of the parties to the defendant.

"Plaintiff filed a complaint for divorce on July 30, 1952, in which she alleged, among other things, that there was one child, Tani Hale, two and one-half years of age, that said minor child was in her custody, and that she was a fit and proper person to have and be awarded the custody, care and education of said minor, subject to the right of the defendant to visit said child at reasonable times.

"Defendant filed a cross-complaint in which he alleged that plaintiff was an unfit and improper person to have and be awarded the custody, care and education of said minor child and that the best interests of said minor demands that she be placed in the custody of the defendant.

"The court found that plaintiff and defendant are both fit persons to have and be awarded the care and custody of the minor child of the parties hereto, and as a conclusion of law determined that the custody of the minor child Tani Hale be awarded to the defendant, with the right of reasonable visitation reserved to the plaintiff.

"The interlocutory judgment of divorce from which this appeal is taken provides in part as follows:

" 'IS IS FURTHER ORDERED, ADJUDGED AND DECREED that the custody of the minor child of these parties, namely, Tani Hale, is awarded to the defendant with the right of reasonable visitation reserved to the plaintiff.' "

██ It is contended on appeal that the order was an abuse of discretion, citing section 138, Civil Code, which provides that "As between parents adversely claiming the custody, neither parent is entitled to it as of right; but other things being equal, if the child is of tender years, it should be given to the mother; if it is of age to require education and preparation for labor and business, then to the father." Appellant also relies upon and cites *Bemis* v. *Bemis,* 89 Cal.App.2d 80 [200 P.2d 84], and *Juri* v. *Juri,* 69 Cal.App.2d 773 [160 P.2d 73].

Respondent on the other hand points out that "Appellant testified that while she and respondent were living together, respondent worked at night and took care of the children during the day, until she got baby sitters, who did not come to her home; that she went to work for financial reasons, and to pay for a Buick automobile, upon which she had been making payments of $96.40 per month for eight or nine months.

"Darlene Small Brady testified that she had been employed by appellant as a baby sitter; that on several occasions appellant stayed out until 4:00 o'clock a. m. and that respondent had expressed concern about the children.

"Respondent testified that appellant called him many vile names in front of the children and slapped him around many times; that he earned enough money to maintain the home without appellant's having to work; that it was not necessary for appellant to go to work to liquidate family obligations,

but she did so only because she wanted another car; that he could give the child a home in which his mother would cook good meals, take care of the child's clothes and things, and the child would not have to be 'farmed out all the time' because appellant was working.''

A review of the record discloses that as a matter of law there was no abuse of discretion. The evidence, although conflicting, was amply sufficient to support the trial court's judgment. There is no question as to the law of the case and there are many decisions on the subject. However, in no two of the cases are the facts the same and although such decisions are a help they are not conclusive.

The evidence is sufficient to support the judgment and, as above noted, there was no abuse of discretion.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.