[Civ. No. 25580.   Second Dist., Div. One.   Dec. 12, 1961.]

NATHAN HOFFMAN, Plaintiff and Respondent, v. LIL-
LIAN S. HOFFMAN, Defendant and Appellant.

Kenny, Morris & Ibanez for Defendant and Appellant.

George Sokol and Robert P. Dockeray for Plaintiff and Respondent.

FOURT, J.—This is an appeal from three orders made with reference to custody proceedings following a divorce action.

Nathan Hoffman, the plaintiff, cross-defendant and respondent and sometimes hereinafter referred to as the husband or father, brought an action in divorce against Lillian S. Hoffman, the defendant, cross-complainant and appellant and sometimes hereinafter referred to as the wife or mother. An interlocutory decree of divorce was granted on August 19, 1957, and entered August 21, 1957. A property settlement agreement made between the parties was ratified and approved. The custody of the two girls, the issue of the marriage, was awarded to the mother and wife, who apparently intended to and did thereafter reside in New York. The husband and father was to have the children one month of each year in Los Angeles starting August 20, 1957. He was to advance the money for the transportation costs of the children between New York and California. A final decree of divorce, which adopted and carried forward the provisions of the interlocutory decree with reference to custody and support and maintenance of the children, was signed and filed on August 22, 1958.

The husband was remarried on August 31, 1958.

On August 21, 1959, an order to show cause why the divorce decree should not be modified to provide that the husband and father have the custody of the children for two months in the summer school vacation was signed. The husband and father

set forth in an affidavit in that proceeding that he had a new home, was remarried, that the children wanted to be with him and other matters not necessarily pertinent to this particular proceeding. That proceeding was had on September 30, 1959, and the court, after hearing both the husband and wife testify and apparently in their presence, made an order in part as follows:

". . . that plaintiff father shall have the privilege of having the two minor daughters of the parties, namely: Barbara, 10½ and Heln [sic], 11½ with him during the calendar months of July and August of each summer, effective with the summer of 1960. By stipulation the interlocutory decree of divorce of Aug. 19, 1957 and final judgment of Aug. 22, 1958 are modified in the following respect: effective with the summer of 1960, the plaintiff father shall furnish the defendant mother with either two one-way tickets from New York to Los Angeles for transportation of the children from the East to the West or with funds sufficient to enable the defendant mother to procure and provide said transportation facilities to enable the children to make said transportation from the East to the father's home; with reference to the return transportation from Los Angeles to New York, same shall be at the father's expense and he shall make arrangements therefor."

On September 20, 1960, the wife and mother filed an affidavit in opposition to a proceeding instituted by the husband and father to have the wife and mother declared to be in contempt of court and in support of a motion of her own to have in effect the exclusive custody of the children awarded to her in New York.

On September 22, 1960, the wife and mother filed a notice of motion to modify the custody order, for continuation of support and maintenance orders for the children and for attorneys' fees for herself.

On October 7, 1960, the matter came on for hearing. The clerk's minutes in the record before this court recite under the title "Nature of Proceedings" as follows:

"Plaintiff's order to show cause re contempt

"Plaintiff's order to show cause re modification of Interlocutory Judgment of Divorce

"Motion of plaintiff re custody of children and order to show cause re contempt

"Motion of defendant for modification of Interlocutory and Final Judgments of Divorce."

(There is no affidavit or order to show cause in the record before us with reference to the husband's proceedings.)

The minutes further recite as follows: "The prior Order of September 30, 1960 [*sic*], is modified as follows: Custody of the minor children, Helen Ruth Hoffman and Barbara Joan Hoffman, is awarded to plaintiff with rights of reasonable visitation reserved to defendant. Defendant is ordered to surrender the physical custody of the minor children to the plaintiff at the conclusion of the present school semester."

On October 28, 1960, the wife made a motion for a modification of the orders of October 7, 1960, and September 30, 1959, and for attorneys' fees. After oral argument the judge denied all motions of the wife.

On December 2, 1960, the wife filed a notice of appeal from the order of October 7, 1960, and the order of October 28, 1960.

On December 6, 1960, the wife filed a notice of motion for an order for attorneys' fees on appeal.

The clerk's minutes of December 22, 1960, set forth as follows:

"Defendant's order to show cause re contempt

"Motion of defendant for attorney fees

"Upon statements of both counsel, the Court makes the following order: Defendant's order to show cause re contempt and defendant's motion for attorney fees are both denied. Notice is waived by both counsel."

On January 13, 1961, the wife filed a notice of appeal from the order of December 22, 1960.

By stipulation the appeals from the three orders are consolidated in this proceeding.

At the hearing on October 7, 1960, evidence was introduced to the effect that the children were very upset, disturbed and distraught after the order of September 30, 1959, which in effect ordered that the children should go back to New York and be with their mother. The children wanted to stay with their father in California. Apparently the mother was also very upset at having to come out to California from New York to the hearing of September 30, 1959. In any event the husband sent airplane tickets back to New York in 1960 for the children in order that they could come to California and be with him for the two months in the summer of 1960 pursuant to the order of September 30, 1959.

The wife did not permit the children to come to California in the summer of 1960 and the husband instituted the proceedings to have her found guilty of contempt and to secure

the custody of the children to himself. The evidence showed that the children desired very decidedly to be with their father; that the father had a good home for the children; that the father was remarried and that his wife wanted the children with them. There was other evidence, all of which is unnecessary to relate here.

Appellant contends that the judge abused his discretion in ordering a modification of the prior custody order in the absence of any showing of change of circumstances, the mother's unfitness or the present desires of the children and further that the judge abused his discretion in not awarding attorneys' fees to the wife.

We think there is no merit to the appellant's assertions.

There was no necessity to find that the wife in this particular instance was unfit before a change of custody could be made. (See *Holsinger* v. *Holsinger,* 44 Cal.2d 132 [279 P.2d 961]; *Davis* v. *Davis,* 41 Cal.2d 563 [261 P.2d 729]; and *Munson* v. *Munson,* 27 Cal.2d 659 [166 P.2d 268]. This court, comparatively recently, had an occasion to review the law in custody matters in the case of *Harris* v. *Harris,* 186 Cal. App.2d 788 [9 Cal.Rptr. 300]. We said in *Harris* v. *Harris* at page 791:

"Matters of custody and care of a minor child under section 138, Civil Code, are addressed to the sound discretion of the trial court. (*Goto* v. *Goto,* 52 Cal.2d 118 [338 P.2d 450]; *Holsinger* v. *Holsinger,* 44 Cal.2d 132 [279 P.2d 961]; *Gantner* v. *Gantner,* 39 Cal.2d 272 [246 P.2d 923]; *Clarke* v. *Clarke,* 35 Cal.2d 259 [217 P.2d 401]; *Prouty* v. *Prouty,* 16 Cal.2d 190 [105 P.2d 295].) This discretion is broad, to be exercised with a view toward the highest and best interests of the minor (*Gantner* v. *Gantner,* 39 Cal.2d 272 [246 P.2d 923]; *Davis* v. *Davis,* 41 Cal.2d 563 [261 P.2d 729]), and unless a clear case of abuse is made to appear a reviewing court will not reject the lower court's determination and substitute its own opinion therefor.

"Section 138, provides in part that the court shall be guided by the following considerations: '(1) . . . what appears to be for the best interests of the child . . .' "

And further at page 792:

". . . Moreover, under the present factual showing we doubt the strict applicability of the rule requiring a showing of change in conditions as set forth in *Holsinger* v. *Holsinger,* 44 Cal.2d 132 [279 P.2d 961] and *Davis* v. *Davis,* 41 Cal.2d 563 [261 P.2d 729]. Even were the evidence insufficient to

support the alleged change, we would be inclined to consider this situation an exception to the so-called 'changed circumstance' rule, warranting adherence to the view taken in *Goto* v. *Goto*, 52 Cal.2d 118, 123 [338 P.2d 450], that it is not an 'iron-clad' rule but subject to exceptions where despite the fact no change of circumstances is apparent, the welfare of the child might require the previous order of custody be changed. (*Foster* v. *Foster*, 8 Cal.2d 719 [68 P.2d 719].) ■ Following the trend, first suggested in the *Foster* case, *supra*, 8 Cal.2d 719, courts have been liberal in the application of the 'change of circumstance' rule; it has not been applied where it can be assumed both parents were found fit (*Kelly* v. *Kelly*, 75 Cal.App.2d 408 [171 P.2d 95]); nor where the trial court has modified the custody decree. (*Frizzell* v. *Frizzell*, 158 Cal.App.2d 652 [323 P.2d 188].) ■ Said the court in the *Frizzell* case, *supra*, at page 655; 'That rule only applies where the trial court has refused to modify a decree and it is contended an abuse of discretion occurred. To show such abuse there must be a showing of changed circumstances. (*Kelly* v. *Kelly*, 75 Cal. App.2d 408 [171 P.2d 95]; *Dotsch* v. *Grimes*, 75 Cal.App.2d 418 [171 P.2d 506].)'

■ "The burden of proving an abuse of the lower court's discretion falls on appellant (*Horsley* v. *Horsley*, 77 Cal. App.2d 442 [175 P.2d 580]) and in the absence of such a showing an appellate court will not disturb the trial court's determination; its discretion in determining the best interests of a minor will be upheld unless the record is barren of substantial evidence to support it. (*Noon* v. *Noon*, 84 Cal.App. 2d 374 [191 P.2d 35]; *Ducharme* v. *Ducharme*, 152 Cal. App.2d 189 [313 P.2d 33]; *Horsley* v. *Horsley*, 77 Cal.App. 2d 442 [175 P.2d 580].) Viewing the evidence and all reasonable inferences therefrom in the light most favorable to the order of the court below (*Ducharme* v. *Ducharme*, 152 Cal. App.2d 189 [313 P.2d 33]; *Frizzell* v. *Frizzell*, 158 Cal.App. 2d 652 [323 P.2d 188]; *Holsinger* v. *Holsinger*, 44 Cal.2d 132 [279 P.2d 961]), we conclude appellant has failed in her burden; and the record before us discloses no abuse of judicial discretion in the trial court's determination that the best interests and welfare of the children will best be served by permitting their father to care for them."

■ In *Sanchez* v. *Sanchez*, 55 Cal.2d 118, 121, 126 [10 Cal.Rptr. 261, 358 P.2d 533], the court stated:

". . . The rule is, of course, that 'In a divorce proceeding

involving the custody of a minor, primary consideration must be given to the welfare of the child. ▮ The court is given a wide discretion in such matters, and its determination will not be disturbed upon appeal in the absence of a manifest showing of abuse. [Citations.] ▮ "Every presumption supports the reasonableness of the decree." [Citation.]' (*Gudelj* v. *Gudelj* (1953), 41 Cal.2d 202, 208-209 [1-3] [259 P.2d 656].)

"▮ . . . . . . . . . . .

▮ "There were, as is not unusual in a proceeding of this nature, conflicts both as to probative facts and as to the proper inferences to be drawn from such facts. But, as is true in all appellate reviews, and most emphatically in this type of controversy, it is not the function of this court to reweigh conflicting evidence and redetermine findings; neither is this court vested with discretion to be exercised in the premises. Our function has been fully performed when we find in the record substantial evidence which supports the essential findings of the trial court. (See *Gantner* v. *Gantner* (1952), *supra,* 39 Cal.2d 272, 275 [1]; *Holsinger* v. *Holsinger* (1955), 44 Cal.2d .132, 135-136 [3-5] [279 P.2d 961]; and cases there cited.)"

In *Stack* v. *Stack,* 189 Cal.App.2d 357, 368, 369, 370 [11 Cal.Rptr. 177] it is said:

"It has been so frequently stated as to have become a truism that primary consideration must be given to the welfare of the child, that the court is given a wide discretion, that its discretion will not be disturbed in the absence of a manifest showing of abuse, and that every presumption supports the reasonableness of the decree. (*Sanchez* v. *Sanchez, supra,* 55 Cal.2d 118, 121-122; *Gudelj* v. *Gudelj,* 41 Cal.2d 202, 208-209 [259 P.2d 656]; *Gantner* v. *Gantner, supra,* 39 Cal.2d 272, 275; *Clarke* v. *Clarke, supra,* 35 Cal.2d 259, 261; *Foster* v. *Foster,* 8 Cal.2d 719, 730 [68 P.2d 719]; *Peterson* v. *Peterson, supra,* 64 Cal.App.2d 631, 636 [149 P.2d 206]; *Kelly* v. *Kelly, supra,* 75 Cal.App.2d 408; *Frizzell* v. *Frizzell,* 158 Cal.App.2d 652, 655 [323 P.2d 188].)

"We find no authority distinguishing between insufficient evidence and abuse of discretion. It would seem obvious that, if there were *no* evidence to support the decision, there would be an abuse of discretion. But we do not think that it follows that there can be no abuse of discretion if there be any evidence to support the decision. It is certainly true that there could be a case where the decision is obviously not

for the best interests of the child, even though there is some evidence to support it. We think that a number of the cases cited in this opinion, in which an order was reversed, fall into this category. Yet the latest decision of the Supreme Court in *Sanchez* v. *Sanchez, supra,* 55 Cal.2d 118, 126, seems to equate abuse of discretion with lack of evidence.

"However that may be, we cannot find either a lack of sufficient evidence or a clear abuse of discretion in this case.

"b. *The change of circumstance rule.*

"This 'rule' has been variously stated. It is said that the party seeking a change of custody has the burden of proving that circumstances or conditions have changed so as to justify his request for a modification. (*Stagliano* v. *Stagliano, supra,* 125 Cal.App.2d 343, 348 [270 P.2d 91].) Yet the court limited the burden to a showing that a modification 'would not be detrimental to her [the child's] welfare.' It is said to be 'well established that "the courts are reluctant to order a change of custody and will not do so except for imperative reasons."' (*Sorrels* v. *Sorrels, supra,* 105 Cal. App.2d 465, 469 [234 P.2d 103]. It is often said that 'there should be an end to the constant changes and modifications of orders having to do with the custody of a child.' (*Saltonstall* v. *Saltonstall,* 148 Cal.App.2d 109, 114 [306 P.2d 492].)

▆▆▆▆ "The 'change of circumstances' rule is judge made. Its purpose is to protect the court, the parties and the child from interminable and vexatious litigation. (*Cf. Gantner* v. *Gantner, supra,* 39 Cal.2d 272, 276 ; *Peterson* v. *Peterson, supra,* 64 Cal.App.2d 631, 633 ; *Washburn* v. *Washburn,* 49 Cal.App.2d 581, 587 [122 P.2d 96] ; *Olson* v. *Olson,* 95 Cal. App. 594 [272 P. 1113] ; *Foster* v. *Foster, supra,* 8 Cal.2d 719, 726.)

"In several cases the courts have relied upon the rule to reverse. (*Cf. Bemis* v. *Bemis, supra,* 89 Cal.App.2d 80 [200 P.2d 84] ; *Smith* v. *Smith, supra,* 126 Cal.App.2d 65 [271 P.2d 178] ; *Sorrels* v. *Sorrels, supra,* 105 Cal.App.2d 465, 469 ; *Stagliano* v. *Stagliano, supra,* 125 Cal.App.2d 343 ; *Moon* v. *Moon, supra,* 62 Cal.App.2d 185 [144 P.2d 596] ; *Juri* v. *Juri, supra,* 69 Cal.App.2d 773 [160 P.2d 73].) But most cases say that the rule is not inflexible. (*Bemis* v. *Bemis, supra,* 89 Cal. App.2d 80, 91 [200 P.2d 84] ; *Exley* v. *Exley,* 101 Cal.App.2d 831 [226 P.2d 662] ; *Peterson* v. *Peterson, supra,* 64 Cal. App.2d 631 ; *Kelly* v. *Kelly, supra,* 75 Cal.App.2d 408, 410 ; *Foster* v. *Foster, supra,* 8 Cal.2d 719, 728 ; *Ashwell* v. *Ashwell,*

*supra,* 135 Cal.App.2d 211 [286 P.2d 983] ; *Johnson* v. *Johnson, supra,* 72 Cal.App.2d 721 [165 P.2d 552].)

"  . . . . . . . . . .

"The only 'rule' consistently applied is that the court may modify or vacate its order 'at any time.' (Civ. Code, § 138; *cf. Exley* v. *Exley, supra,* 101 Cal.App.2d 831, 835.)

"The mother's principal reliance is upon the change of circumstances 'rule.' As we have seen, it is no longer a rule, if it ever was one. . . ."

In any event in this case there were several changes in circumstances which the court could have noted. The mother was in contempt of court after the order of September 30, 1959; she refused to let the children come to California pursuant to the order of the court; she absented herself from the state obviously to the end that the court could not punish her for her disregard and contempt for the law as made and determined in the particular matter. The judge could well have thought that the wife's actions with reference to the previous orders of the court would indicate that the children under her care might grow into adulthood believing that there is nothing wrong with flouting the law, that it is permissible to disobey necessary and proper orders of a court and in short to get away with whatever is possible. No showing has been made that the trial judge abused his discretion in any respect.

The wife made no allegations in her proceedings with reference to the ability of the husband to pay her attorneys' fees. Furthermore, as heretofore pointed out, she was in contempt of court and at the same time was seeking orders from the court favorable to herself.

Each of the orders appealed from is affirmed.

Wood, P. J., and Lillie, J., concurred.