[Civ. No. 7793.   Fourth Dist., Div. One.   Feb. 24, 1966.]

RITA COCHRAN, Plaintiff and Appellant, v. ALBERT A. COCHRAN, Defendant and Respondent.

Chandler & Armstrong and Joseph A. Armstrong for Plaintiff and Appellant.

Adams, Hunt & Martin and Donald J. Regan for Defendant and Respondent.

WHELAN, J.—The parties to this action were husband and wife from November 15, 1952, until the entry of a final decree of divorce on November 22, 1963, following an interlocutory judgment in favor of the plaintiff on November 21, 1962. Their children, Wayne, now aged 8, and Susan, now aged 12, may be said to be the real parties in interest.

Plaintiff and defendant first separated in 1959. Plaintiff then took the children and placed them in the home of a non-related family, while she shared a room with another nurse. There was a reconciliation in 1960.

When the divorce action was commenced the parties executed a property settlement agreement, which provided for custody of the children in plaintiff, and monthly support of $75 for each child.

There was then an oral agreement that plaintiff would finish her education and get a degree as a nurse, and during that time defendant would take the physical custody of the children; that when plaintiff was in a position to have the children defendant would then turn the children over to her.

There was then a written modification of the property settlement agreement providing that child support would not be paid to plaintiff during such times as defendant had physical possession of the children. The interlocutory judgment awarded custody to plaintiff, which was confirmed by the final decree.

Plaintiff remarried on January 28, 1964; defendant, very shortly thereafter.

On February 18, 1964, defendant's motion for a modification of the custody provisions of the divorce decree to grant custody of the children to him and plaintiff's motion for modification so as to increase the amount of child support were heard. Defendant's motion was granted; plaintiff's denied by necessary implication. Plaintiff retained rights of reasonable visitation. Plaintiff has appealed from that decision.

At the time of the hearing, defendant and the children occupied an apartment in which they had been living for three years. Plaintiff was living in a house that had been awarded to her under the property settlement agreement, but which had been rented out at the time of the final separation of the parties, and which she was advertising for sale at the time of the hearing.

The children were being brought up by defendant in the religious faith that both parents wished the children to follow. They were in schools in which they seemed contented and where they found mental stimulation. Their behavior and attire were good, and superior to what they had been when they had been in plaintiff's charge.

Plaintiff visited them nearly every Tuesday, and took them away to skating rinks and other places of amusement. She brought them gifts at Christmas, which most recently had been a bicycle and an erector set.

Defendant's work kept him from home from about 6 a.m. to 6 p.m. After school, and until defendant's return, the children were looked after by the apartment house owner, a woman greatly interested in the children. In the short period since defendant's remarriage, his present wife was at home for a time after he left in the morning and before his evening return. She worked in a bank, but should defendant receive legal custody it had been and was her intention to give two weeks' notice to her employer and thereafter remain at home.

Plaintiff also worked and attended college courses which she should have completed in about six months. She was prepared to quit her employment, if necessary, to care for the children.

Neither party contends that the other is unfit to have custody of the children.

Plaintiff contends that in the absence of a showing of danger to the welfare of the minors, there must be a showing of change of circumstances in order to modify a custody award; and that there has not been any such showing.

The question here is whether the trial court abused the discretion conferred by Civil Code, section 138, with its admonition that the court be guided by what appears to be for the best interest of the children.

Plaintiff cites a number of decisions holding that in the particular circumstances of those cases there was an abuse of discretion in changing the custody of children of very tender years from mother to father. (*Juri* v. *Juri*, 69 Cal.App.2d 773 [160 P.2d 73]; *Sorrels* v. *Sorrels*, 105 Cal.App.2d 465

[234 P.2d 103]; *Ashwell* v. *Ashwell,* 135 Cal.App.2d 211 [286 P.2d 983].) The decisions recognize that it is important and necessary to proper upbringing of children that they receive the warmth of a mother's love as from a steady flame rather than an occasional bonfire.

Whether the rule as to the necessity of showing change of circumstances is that no refusal to change custody is an abuse of discretion without such showing (*Frizzell* v. *Frizzell,* 158 Cal.App.2d 652, 655 [323 P.2d 188]); or is that no order changing custody should be made without a showing that there has been such change in circumstances (*Stagliano* v. *Stagliano,* 125 Cal.App.2d 343 [270 P.2d 91]), the rule is to be employed only as it bears upon the welfare and best interest of the children.

In determining what is for the welfare and best interest, factors which must be considered are the desirability of maintaining a stable physical and emotional ambient, and the length of time that a child has been in the continuous, actual, physical custody of the parent then having such custody.

It is the actual custody that either serves or disserves the welfare and best interest of the children.

Where, by agreement of the parents, actual physical custody has been divided from the legal custody fixed by the decree for the period of time involved here, the actuality of the custody situation should be the norm for determining whether a change of the actual custody will produce improved or worsened conditions for the welfare of the children. These cases lend support to that proposition: *Stack* v. *Stack,* 189 Cal.App.2d 357 [11 Cal.Rptr. 177]; *Frazier* v. *Frazier,* 115 Cal.App.2d 551 [252 P.2d 693]; *Norton* v. *Norton,* 112 Cal. App.2d 358 [245 P.2d 1108]; *Fine* v. *Denny,* 111 Cal.App.2d 402 [244 P.2d 783].

We find no abuse of discretion in the decision of the trial court.

The order appealed from is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.